# Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2011**

**002255**

E-Filing Number: 1109030637

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PAMELA MARGARET. LEWIS | LYCOMING, ALIAS: LYCOMING RECIP ENG DIV AND/OR AVCO LYCOMING |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 5 COYLTON AVENUE RAINHILL PRESCOT  L35 0PT MERSEYSIDE | 652 OLIVER STREET WILLIAMSPORT PA 17701 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| KEITH WHITEHEAD | AVCO CORP., ALIAS: AVCO LYCOMING, LYCOMING ENG AND/OR LYCOMING |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 29/33 KING STREET WIGAN LANCASHIRE  WN1 1EG | 201 LOWELL STREET WILMINGTON MA 01887 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| JOSEPH WROBLEWSKI | TEXTRON, INC., ALIAS: LYCOMING, LYCOMING ENG AND/OR LYCOMING |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 29/33 KING STREET WIGAN LANCASHIRE  WN1 1EG | 40 WESTMINSTER STREET PROVIDENCE RI 02903 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 3 | 11 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

**CASE TYPE AND CODE**

2A - AIRPLANE, AVIATION

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED**
**PRO PROTHY**

SEP 21 2011

**S. GARRETT**

IS CASE SUBJECT TO COORDINATION ORDER?    YES    NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>PAMELA MARGARET LEWIS , KEITH WHITEHEAD , JOSEPH WROBLEWSKI</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| RICHARD E. GENTER | LAW OFFICE RICHARD E. GENTER SUITE 200 610 OLD YORK ROAD JENKINTOWN PA 19046 |
| **PHONE NUMBER** (215)884-8190 | **FAX NUMBER** (215)884-8266 | |
| **SUPREME COURT IDENTIFICATION NO.** 30419 | **E-MAIL ADDRESS** richard@genterlaw.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** RICHARD GENTER | **DATE SUBMITTED** Wednesday, September 21, 2011, 11:27 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. CHAMPION AEROSPACE LLC
   1230 MORRIS ROAD
   LIBERTY SC 29657
2. UNITED TECHNOLOGIES CORPORATION
   UNITED TECHNOLOGIES BUILDING
   HARTFORD CT 06101
3. SIKORSKY AIRCRAFT CORPORATION
   6900 MAIN STREET
   STRATFORD CT 06615
4. SCHWEIZER HOLDINGS, INC.
   1250 SCHWEIZER ROAD
   HORSEHEADS NY 14845
5. SCHWEIZER AIRCRAFT CORPORATION
   1250 SCHWEIZER ROAD
   HORSEHEADS NY 14845
6. PRECISION AIRMOTIVE CORPORATION
   3220 100TH STREET, SW BUILDING E
   EVERETT WA 98204
7. PRECISION AIRMOTIVE LLC
   14800 40TH AVENUE NE
   MARYSVILLE WA 98271
8. TEXTRON SYSTEMS CORPORATION
   ALIAS: LYCOMING, LYCOMING ENGINES AND/OR LYCOMING
   40 WESTMINSTER STREET
   PROVIDENCE RI 02903
9. TEXTRON, INC.
   ALIAS: LYCOMING, LYCOMING ENG AND/OR LYCOMING
   40 WESTMINSTER STREET
   PROVIDENCE RI 02903
10. AVCO CORP.
    ALIAS: AVCO LYCOMING, LYCOMING ENG AND/OR LYCOMING
    201 LOWELL STREET
    WILMINGTON MA 01887
11. LYCOMING
    ALIAS: LYCOMING RECIP ENG DIV AND/OR AVCO LYCOMING
    652 OLIVER STREET
    WILLIAMSPORT PA 17701

Richard E. Genter, Esquire
Attorney Identification No. 30419
Law Office of Richard E. Genter
Suite 200
610 Old York Road
Jenkintown, PA 19046
Telephone:     (215) 884-8190
Facsimile:     (215) 884-8266

Daniel O. Rose, Esquire
Kreindler & Kreindler LLP
32nd Floor
750 Third Avenue
New York, NY 10017
Telephone:     (212) 687-8181
Facsimile:     (212) 972-9432

**JURY TRIAL DEMANDED
BY TWELVE (12) JURORS**

Filed and Attested by
the PROTHONOTARY
21 SEP 2011 11:27 am
S. GARRETT

Attorneys for Plaintiffs

---

Pamela Margaret Lewis, Individually and As Personal
Representative of the Estate of Steven Edward Lewis,
Deceased,
5 Coylton Avenue
Rainhill Prescot Merseyside L35 0PT
United Kingdom

       and

Keith Whitehead and John Joseph Wroblewski as Co-
Personal Representatives of the Estate of Philip Charles
Gray, Deceased,
29/33 King Street
Wigan Lancashire WN1 1EG
United Kingdom

                Plaintiffs,

           v.

LYCOMING a/k/a, d/b/a and/or f/k/a Lycoming Engines,
Textron Systems Corporation, Textron, Inc., Textron,
Avco Corporation, Textron Lycoming, Textron Lycoming
Reciprocating Engine Division and/or Avco Lycoming
652 Oliver Street
Williamsport, PA 17701

       and

    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

_____ TERM, 2011

NO.

Case ID: 110902255

AVCO CORPORATION a/k/a, d/b/a and/or f/k/a Textron,       :
Inc., Textron, Textron Systems Corporation, Textron       :
Lycoming, Textron Lycoming Reciprocating Engine           :
Division, Avco Lycoming, Lycoming Engines and/or          :
Lycoming                                                  :
201 Lowell Street                                         :
Wilmington, MA  01887                                     :
                                                          :
         and                                              :
                                                          :
TEXTRON, INC. a/k/a, d/b/a and/or f/k/a Textron,          :
Textron Systems Corporation, Avco Corporation, Textron    :
Lycoming, Textron Lycoming Reciprocating Engine           :
Division, Avco Lycoming, Lycoming Engines and/or          :
Lycoming                                                  :
40 Westminster Street                                     :
Providence, RI  02903                                     :
                                                          :
         and                                              :
                                                          :
TEXTRON SYSTEMS CORPORATION a/k/a, d/b/a                  :
and/or f/k/a Textron, Inc., Textron, Avco Corporation,    :
Textron Lycoming, Textron Lycoming Reciprocating          :
Engine Division, Avco Lycoming, Lycoming Engines          :
and/or Lycoming                                           :
40 Westminster Street                                     :
Providence, RI  02903                                     :
                                                          :
         and                                              :
                                                          :
PRECISION AIRMOTIVE LLC                                   :
14800 40th Avenue NE                                      :
Marysville, WA  98271                                     :
                                                          :
         and                                              :
                                                          :
PRECISION AIRMOTIVE CORPORATION                          :
3220 100th Street, SW, Building E                         :
Everett, WA  98204                                        :
                                                          :
         and                                              :
                                                          :
SCHWEIZER AIRCRAFT CORPORATION                           :
1250 Schweizer Road                                       :
Horseheads, NY  14845                                     :

2

| | |
|---|---|
| and | : |
| | : |
| SCHWEIZER HOLDINGS, INC. | : |
| 1250 Schweizer Road | : |
| Horseheads, NY  14845 | : |
| | : |
| and | : |
| | : |
| SIKORSKY AIRCRAFT CORPORAITON | : |
| 6900 Main Street | : |
| Stratford, CT  06615-9129 | : |
| | : |
| and | : |
| | : |
| UNITED TECHNOLOGIES CORPORATION | : |
| United Technologies Building | : |
| Hartford, CT  06101 | : |
| | : |
| and | : |
| | : |
| CHAMPION AEROSPACE LLC | : |
| 1230 Morris Road | : |
| Liberty, SC  29657 | : |
| | : |
| Defendants. | : |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you, and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA  19107
Telephone:  (215) 238-1701

3

Case ID: 110902255

## AVISO

Le han demandado a usted en la corte. Si usted quiere, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suyasin previo aviso o notification. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTAENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Telefono: (215) 238-1701

4

Richard E. Genter, Esquire
Attorney Identification No. 30419
Law Office of Richard E. Genter
Suite 200
610 Old York Road
Jenkintown, PA  19046
Telephone:     (215) 884-8190
Facsimile:      (215) 884-8266

**JURY TRIAL DEMANDED
BY TWELVE (12) JURORS**

Daniel O. Rose, Esquire
Kreindler & Kreindler LLP
32nd Floor
750 Third Avenue
New York, NY  10017
Telephone:     (212) 687-8181
Facsimile:      (212) 972-9432

Attorneys for Plaintiffs

---

| | |
|---|---|
| Pamela Margaret Lewis, Individually and As Personal Representative  of the Estate of Steven Edward Lewis, Deceased,<br>5 Coylton Avenue<br>Rainhill Prescot Merseyside L35 0PT<br>United Kingdom | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>:<br>:<br>: |
| and | : _____ TERM, 2011<br>:<br>: NO. |
| Keith Whitehead and John Joseph Wroblewski as Co-Personal Representatives of the Estate of Philip Charles Gray, Deceased,<br>29/33 King Street<br>Wigan Lancashire WN1 1EG<br>United Kingdom | :<br>:<br>:<br>:<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :<br>:<br>: |
| LYCOMING a/k/a, d/b/a and/or f/k/a Lycoming Engines, Textron Systems Corporation, Textron, Inc., Textron, Avco Corporation, Textron Lycoming, Textron Lycoming Reciprocating Engine Division and/or Avco Lycoming<br>652 Oliver Street<br>Williamsport, PA  17701 | :<br>:<br>:<br>:<br>:<br>: |
| and | :<br>: |

AVCO CORPORATION a/k/a, d/b/a and/or f/k/a Textron,    :
Inc., Textron, Textron Systems Corporation, Textron    :
Lycoming, Textron Lycoming Reciprocating Engine    :
Division, Avco Lycoming, Lycoming Engines and/or    :
Lycoming    :
201 Lowell Street    :
Wilmington, MA  01887    :

        and    :

TEXTRON, INC. a/k/a, d/b/a and/or f/k/a Textron,    :
Textron Systems Corporation, Avco Corporation, Textron    :
Lycoming, Textron Lycoming Reciprocating Engine    :
Division, Avco Lycoming, Lycoming Engines and/or    :
Lycoming    :
40 Westminster Street    :
Providence, RI  02903    :

        and    :

TEXTRON SYSTEMS CORPORATION a/k/a, d/b/a    :
and/or f/k/a Textron, Inc., Textron, Avco Corporation,    :
Textron Lycoming, Textron Lycoming Reciprocating    :
Engine Division, Avco Lycoming, Lycoming Engines    :
and/or Lycoming    :
40 Westminster Street    :
Providence, RI  02903    :

        and    :

PRECISION AIRMOTIVE LLC    :
14800 40th Avenue NE    :
Marysville, WA  98271    :

        and    :

PRECISION AIRMOTIVE CORPORATION    :
3220 100th Street, SW, Building E    :
Everett, WA  98204    :

        and    :

SCHWEIZER AIRCRAFT CORPORATION    :
1250 Schweizer Road    :
Horseheads, NY  14845    :

and                                            :
                                               :
SCHWEIZER HOLDINGS, INC.                       :
1250 Schweizer Road                            :
Horseheads, NY  14845                          :
                                               :
       and                                     :
                                               :
                                               :
SIKORSKY AIRCRAFT CORPORAITON                  :
6900 Main Street                               :
Stratford, CT  06615-9129                      :
                                               :
       and                                     :
                                               :
UNITED TECHNOLOGIES CORPORATION                :
United Technologies Building                   :
Hartford, CT  06101                            :
                                               :
       and                                     :
                                               :
CHAMPION AEROSPACE LLC                         :
1230 Morris Road                               :
Liberty, SC  29657                             :
                                               :
                    Defendants.                :

## CIVIL ACTION COMPLAINT

**THE PARTIES**

1.      Pamela Margaret Lewis is the mother of Steven Edward Lewis, deceased, and is a

citizen and resident of the United Kingdom, and the duly appointed Personal Representative of

the Estate of Steven Edward Lewis, deceased, through Letters of Administration issued on

April 28, 2010 by The High Court of Justice, The District Probate Registry at Liverpool, United

Kingdom.  Pamela Margaret Lewis brings this action on behalf of the decedent's estate and the

3

statutory and/or other beneficiaries and heirs at law thereof, to recover damages for wrongful death pursuant to Pa. R.C.P. Nos. 2202, 2207 and other applicable authority.

2.      Keith Whitehead and John Joseph Wroblewski are the duly appointed Co-Personal Representatives of the Estate of Philip Charles Gray, deceased, and are citizens and residents of the United Kingdom, and the duly appointed Co-Personal Representatives of the Estate of Philip Charles Gray, deceased, through Letters of Administration issued on March 19, 2010 by The High Court of Justice, The District Probate Registry at Liverpool, United Kingdom. Keith Whitehead and John Joseph Wroblewski bring this action on behalf of the decedent's estate and the statutory and/or other beneficiaries and heirs at law thereof, to recover damages for wrongful death pursuant to Pa. R.C.P. Nos. 2202, 2207 and other applicable authority.

3.      Defendant Lycoming a/k/a, d/b/a and/or f/k/a Lycoming Engines, Textron Systems Corporation, Textron, Inc., Textron, Avco Corporation, Textron Lycoming, Textron Lycoming Reciprocating Engine Division and/or Avco Lycoming (collectively "Lycoming") are, upon information and belief, interrelated entities.  Defendant Lycoming maintains its principal place of business at 652 Oliver Street, Williamsport, Pennsylvania 17701.  Lycoming is in the business of designing, manufacturing, and selling piston aircraft engines.

4.      Defendant Avco Corporation a/k/a, d/b/a and/or f/k/a Textron, Inc., Textron, Avco Corporation, Textron Systems Corporation, Textron Lycoming, Textron Lycoming Reciprocating Engine Division, Avco Lycoming, Lycoming Engines and/or Lycoming (collectively "Avco") are, upon information and belief, interrelated entities.  Avco is a corporation organized and existing under the laws of the State of Delaware, is registered as a foreign corporation in Pennsylvania, with its principal place of business at 201 Lowell Street, Wilmington, MA 01887.  Upon information and belief, Avco conducts virtually no business

4

outside its Lycoming business in Pennsylvania and its principal place of business is therefore in Pennsylvania. Avco regularly conducts business in the Commonwealth of Pennsylvania through its aircraft engine manufacturing facility and repair station located at 652 Oliver Street, Williamsport, PA 17701.

5.     Defendant Textron, Inc. a/k/a, d/b/a and/or f/k/a Textron, Textron Systems Corporation, Avco Corporation, Textron Lycoming, Textron Lycoming Reciprocating Engine Division, Avco Lycoming, Lycoming Engines and/or Lycoming (collectively "Textron") are, upon information and belief, interrelated entities. Textron is a corporation organized and existing under the laws of the State of Delaware, located at 40 Westminster Street, Providence, Rhode Island 02903, and is registered with the Pennsylvania Secretary of State to do business in the Commonwealth of Pennsylvania. Textron regularly conducts business in the Commonwealth of Pennsylvania through its aircraft engine manufacturing facility and repair station located at 652 Oliver Street, Williamsport, PA 17701.

6.     Defendant Textron Systems Corporation a/k/a, d/b/a and/or f/k/a Textron, Inc., Textron, Avco Corporation, Textron Lycoming, Textron Lycoming Reciprocating Engine Division, Avco Lycoming, Lycoming Engines and/or Lycoming (collectively "Textron Systems") are, upon information and belief, interrelated entities. Textron Systems is a corporation organized and existing under the laws of the State of Delaware, is registered as a foreign corporation in Pennsylvania, with its principal place of business at 40 Westminster Street, Providence, Rhode Island 02903. Textron Systems regularly conducts business in the Commonwealth of Pennsylvania through its aircraft engine manufacturing facility and repair station located at 652 Oliver Street, Williamsport, PA 17701.

5

7. Upon information and belief, Avco is subject to alter ego or enterprise liability for the tortious conduct of its subsidiary Lycoming. More specifically, upon information and belief, Avco so dominates and controls the activities of Lycoming that it is nothing more than a mere department of Avco and/or its alter egos. Upon information and belief, Lycoming exists merely to protect and improperly shield defendant Avco from and against liability for defects in its products including but not limited to aircraft engines, and/or component parts thereof, which are manufactured, overhauled, rebuilt, and sold through its facility located in Williamsport, Pennsylvania.

8. Upon information and belief, Textron is subject to alter ego or enterprise liability for the tortious conduct of its subsidiary Lycoming. More specifically, upon information and belief, Textron, Inc. so dominates and controls the activities of Lycoming that it is nothing more than a mere department of Textron and/or its alter egos. Upon information and belief, Lycoming exists merely to protect and improperly shield defendant Textron, Inc. from and against liability for defects in its products including but not limited to aircraft engines, and/or component parts thereof, which are manufactured, overhauled, rebuilt, and sold through its facility located in Williamsport, Pennsylvania.

9. Upon information and belief, Textron Systems is subject to alter ego or enterprise liability for the tortious conduct of its subsidiary Lycoming. More specifically, upon information and belief, Textron Systems so dominates and controls the activities of Lycoming that it is nothing more than a mere department of Textron Systems and/or its alter egos. Upon information and belief, Lycoming exists merely to protect and improperly shield defendant Textron Systems from and against liability for defects in its products including but not limited to aircraft engines,

6

and/or component parts thereof, which are manufactured, overhauled, rebuilt, and sold through its facility located in Williamsport, Pennsylvania.

10.     Defendants Lycoming, Avco, Textron and Textron Systems are hereinafter collectively referred to as "the Lycoming Defendants".

11.     Defendant, Precision Airmotive LLC, is a limited liability company organized and existing under the laws of the State of Washington with its principal place of business at 14800 40th Avenue NE, Bldg. D, Marysville, WA 98271 and, at all times material hereto, was the successor-in-interest to or a continuation of the manufacturer of the fuel injector servo and/or component parts thereof on the engine of the subject helicopter and, as such, assumed liability for same as well as responsibility for providing maintenance, overhaul, repair, replacement, inspection, and other information with respect to the fuel injector servo product line.  Upon information and belief, Precision Airmotive LLC continues to manufacture, produce, sell, overhaul, and/or rebuild the aforementioned product line and/or component parts for such fuel injector servos and does business within the Commonwealth of Pennsylvania by availing itself of the business opportunities here, advertising the availability of parts and information, shipping parts, literature and other products, including fuel injector servos, into the Commonwealth, and receiving money from those persons and businesses that order such products and pay for them, including but not limited to the "Lycoming Defendants" who operate an aircraft engine manufacturing and production facility at 652 Oliver Street, Williamsport, PA 17701.  In addition, Precision Airmotive LLC supplies literature and other product support materials to aircraft owners located within the Commonwealth of Pennsylvania, and to mechanics, fixed base operators, and others who perform engine maintenance in this Commonwealth for purposes of providing information and knowledge as to products and parts that can be purchased from it for

7

Case ID: 110902255

the repair or replacement of fuel control units.  Upon information and belief, Precision Airmotive LLC provided services and/or parts that were used on the subject helicopter and/or other similar type helicopters and/or aircraft.

12.     Defendant, Precision Airmotive Corporation, was a corporation organized under the laws of the State of Washington with its principal place of business at 14800 40th Avenue NE, Bldg. D, Marysville, WA 98271 and, at all times material hereto, was the manufacturer of or the successor-in-interest to or a continuation of the manufacturer of the fuel injector servo and/or component parts thereof on the engine in the subject helicopter and, as such, assumed liability for same as well as responsibility for providing maintenance, overhaul, repair, replacement, inspection, and other information with respect to the fuel injector servo product line.  Upon information and belief, Precision Airmotive Corporation manufactured, produced, sold, overhauled, and/or rebuilt the aforementioned product line and/or component parts for such fuel injector servos, and did business within the Commonwealth of Pennsylvania by availing itself of the business opportunities here, advertising the availability of parts and information, shipping parts, literature and other products, including fuel injector servos, into the Commonwealth, and receiving money from those persons and businesses that ordered such products and paid for them, including but not limited to the "Lycoming Defendants" referred to hereinafter who operate an aircraft engine manufacturing and production facility at 652 Oliver Street, Williamsport, PA 17701.  In addition, Precision Airmotive Corporation supplied literature and other product support materials to aircraft owners located within the Commonwealth of Pennsylvania, and to mechanics, fixed base operators, and others who performed engine maintenance in this Commonwealth for purposes of providing information and knowledge as to products and parts that could be purchased from it for the repair or replacement of fuel injector

8

servos.  Upon information and belief, Precision Airmotive Corporation provided services and/or parts that were used on the subject helicopter and/or other similar type helicopters and/or aircraft.

13.     Defendants Precision Airmotive LLC and Precision Airmotive Corporation shall hereinafter be referred to as the "Precision Defendants."

14.     Defendant Schweizer Aircraft Corporation ("Schweizer") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1250 Schweizer Road, Horseheads, NY 14845.  Schweizer is in the business of designing, manufacturing, and selling helicopters such as the helicopter that crashed and is the subject of this action.

15.     Upon information and belief, Schweizer is a wholly owned subsidiary of Schweizer Holdings, Inc. ("Schweizer Holdings").   Schweizer Holdings is a New York Corporation with its principal place of business at 1250 Schweizer Road, Horseheads, NY 14845.

16.     Upon information and belief, Schweizer is a subsidiary of Sikorsky Aircraft Corporation ("Sikorsky").   Sikorsky is a Delaware corporation with its principal place of business at 6900 Main Street, Stratford, CT 06615-9129.

17.     Upon information and belief, Schweizer and/or Sikorsky are subsidiaries of United Technology Corporation ("UTC").   UTC is a Delaware corporation with its principal place of business at United Technologies Building, Hartford, CT 06101.

18.     Upon information and belief, Schweizer, Schweizer Holdings, Sikorsky and UTC ("the Schweizer Defendants") are interrelated entities.

19.     The Schweizer defendants are in the business of designing and manufacturing helicopters, and designed, manufactured and sold the Schweizer 269C-1 model helicopter

9

(Commercial designation Schweizer 300CB) which lost power and crashed, killing Plaintiffs' decedents and giving rise to the instant lawsuit.

20.     Defendant Champion Aerospace LLC ("Champion") is a corporation organized and existing under the laws of the State of Delaware with its principle place of business at 1230 Morris Road, Liberty, SC 29657.  Champion is in the business of designing, manufacturing and selling magnetos, which provide ignition, under the brand name "Slick", and/or component parts thereof on the engine in the subject helicopter.

## JURISDICTION AND VENUE

21.     This Court has *in personam* jurisdiction over all Defendants. All Defendants avail themselves of business opportunities within the Commonwealth of Pennsylvania and place products into the stream of commerce of this Commonwealth, thus giving rise to a reasonable expectation of all Defendants that they may be hailed into the courts of this Commonwealth to answer for their tortuous conduct under Pennsylvania's long-arm statute. Defendants further direct advertisements concerning the availability of their helicopter and/or helicopter component parts and information to this Commonwealth, and ship both parts and literature into, and out of, the Commonwealth of Pennsylvania in exchange for money. In addition, all Defendants supply literature to aircraft owners located within the Commonwealth of Pennsylvania, and to mechanics, fixed base operators, and others who perform aircraft maintenance in this Commonwealth for purposes of providing information and knowledge as to parts that can be purchased from the defendants for the repair or replacement of aircraft and their components.

22.     Venue is proper in Philadelphia County pursuant to Pa. R. Civ. P. 2179 in that all of the Defendants regularly conduct business in Philadelphia County.

Case ID: 110902255

## FACTUAL BACKGROUND

23.     On or about September 22, 2009, Steven Edward Lewis and Philip Charles Gray were on board a Schweizer 269C-1 helicopter, registration number G-LINX, ("subject helicopter") equipped with a Textron-Lycoming engine manufactured by the Lycoming Defendants. The flight was an instructional training flight. Steven Edward Lewis was a certified pilot and the certified flight instructor and Philip Charles Gray was the student under instruction.

24.     The helicopter departed the Blackpool Airport, 30 miles north of Liverpool, England, on the training flight at approximately 10:42 a.m. local time. The helicopter proceeded to a practice area where it performed several maneuvers. Shortly after leaving the practice area, at approximately 11:02 a.m., the instructor broadcast a "MAY DAY" transmission to the local air traffic controller which included the approximate location of the helicopter and the word "FAILURE." No further communications were received. The wreckage was located at 11:52 a.m. local time in a grassy field. Both Steven Edward Lewis and Philip Charles Gray received fatal injuries in the crash.

25.     During the pilot's final radio transmission, the low rpm warning tone was heard indicating that the rotor rpm was below a safe speed as a result of a loss of engine power.

26.     The subject helicopter was powered by a Lycoming HIO-360-61A engine manufactured by the Lycoming Defendants.

27.     The fuel injector servo, which upon information and belief is Model RSA-5AD1 and which is part of the fuel delivery system for the Textron-Lycoming engine, is a product designed, manufactured and sold by the Precision Defendants in conjunction with and/or under license from the Lycoming Defendants.

11

28.     The Lycoming Defendants and Precision Defendants knew, or should have known, that the subject fuel injector servo is defective because it can be misadjusted or miscalibrated and/or become out-of-tolerance, thus causing the fuel mixture to become too rich and cause an in-flight loss of engine power.

29.     The Lycoming engine was also equipped with Slick magnetos designed, manufactured and sold by Defendant Champion.  Magnetos are part of the ignition system of the subject engine and provide high voltage to the spark plugs.

30.     The Lycoming Defendants and Champion knew or should have known that the subject magneto is defective because it can be misadjusted or miscalibrated and/or become out of tolerance, thus causing or contributing to an in-flight loss of engine power.

31.     The combination of the dangerous and defective design of the Schweizer 269C-1, manufactured by the Schweizer Defendants, including, but not limited to, its Textron-Lycoming engine, manufactured by the Lycoming Defendants, and the dangerous and defective fuel injector servo manufactured by the Precision Defendants and used in conjunction with Slick magnetos manufactured by Champion, either separately or in concert, caused the in-flight loss of engine power and the resultant deaths of Steven Edward Lewis and Philip Charles Gray.

**DAMAGES**

32.     Steven Edward Lewis is survived by his parents, Pamela and Raymond Lewis, brother Adrian Lewis, partner Shelly Parker and other heirs at law, all on whose behalf as well as on behalf of decedent's estate, this action is brought (collectively "Plaintiffs").

33.     Philip Charles Gray is survived by his son Michael Gray, mother Marion Gray, brother William Gray, nephew Gareth Gray and other heirs at law, all on whose behalf as well as on behalf of decedent's estate, this action is brought (collectively "Plaintiffs").

12

Case ID: 110902255

34.     Plaintiffs hereby demand recovery under the Pennsylvania Wrongful Death Act 42 Pa. C.S.A. §8301 and Survival Act 42 Pa. C.S.A. §8302 and/or any other applicable wrongful death and survival acts/statutes, for all recoverable damages, including but not limited to loss of net accumulations, loss of earnings and earning capacity, pecuniary losses, conscious pain and suffering, medical expenses, pre-impact fear of death by mutilation, loss of pecuniary benefits, loss of contributions for support, loss of parental, marital, and household services, loss of society, comfort, care and companionship, funeral expenses, and mental anguish resulting from the deaths of Plaintiffs decedents.

**COUNT ONE**
*Plaintiffs v. The Lycoming Defendants*
**PRODUCT LIABILITY**

35.     Plaintiffs incorporate paragraphs 1 through 34 as though set forth at length herein.

36.     At all times material hereto, the Lycoming Defendants were in the business of designing, manufacturing, selling, supplying, supporting, repairing, overhauling, maintaining, and assembling aircraft engines as well as associated operation, repair, overhaul, installation and product support materials ("associated materials").

37.     The Lycoming Defendants designed, manufactured, assembled, overhauled, repaired, supplied and/or sold the subject engine, its fuel injector servo, magnetos and/or other component parts thereof, as well as their associated materials.

38.     The subject engine, its component parts, and associated materials including, but not limited to, its fuel injector servo and magnetos were in the same or substantially similar condition at the time of the accident as they were when designed, manufactured, assembled, overhauled, repaired, supplied, and/or sold by the Lycoming Defendants.

13

39.     At all times material herein, the subject engine, its component parts, and associated materials including, but not limited to, its fuel injector servo and magnetos, were defective, resulting in an unreasonably dangerous condition, that was a direct and proximate cause of the crash and the deaths of Steven Edward Lewis and Philip Charles Gray.

40.     The defects in the subject engine, including, but not limited to, its fuel injector servo, magnetos, other component parts, and associated materials consisted of the following:

    a.    defective and improper design of the subject engine and/or component parts thereof, including its fuel delivery system and fuel injector servo and ignition system and magnetos;

    b.    defective and improper manufacture of the subject engine and/or component parts thereof, including its fuel delivery system and fuel injector servo and ignition system and magnetos;

    c.    defective and improper use of materials in the subject engine and/or component parts thereof, including its fuel delivery system and fuel injector servo and ignition system and magnetos;

    d.    defective and inadequate instructions, warnings, and information concerning the subject engine and/or component parts thereof, including its fuel delivery system and fuel injector servo and ignition system and magnetos;

    e.    defective and inadequate instructions, warnings, and information concerning operation of the subject engine's fuel delivery system, fuel injector servo and component parts, ignition system, magnetos and component parts;

    f.    defective and inadequate instructions, warnings, and information regarding the use and maintenance of the subject engine's fuel delivery system, fuel injector servo and component parts, ignition system, magnetos and component parts;

    g.    defective and inadequate instructions, warnings, and information concerning the inspection, repair, and overhaul requirements for the subject engine's fuel delivery system, fuel injector servo and component parts, ignition system, magnetos and component parts;

    h.    defective and inadequate warnings concerning the failure modes associated with the subject engine's fuel delivery system, fuel

Case ID: 110902255

injector servo and component parts, ignition system, magnetos and component parts;

i.    lack of adequate component parts for the subject helicopter's fuel delivery system, fuel injector servo and/or ignition system and magnetos;

j.    lack of any device to warn the pilot that the fuel injector servo is malfunctioning and/or supplying the incorrect amount or ratio of fuel to the engine or that the ignition system is malfunctioning and/or supplying improper ignition to the engine;

k.    lack of any device to prevent excessive delivery and/or consumption of fuel as the result of a malfunction of the fuel injector servo;

l.    lack of adequate warnings and instructions advising owners, operators, and pilots that a fuel injector servo malfunction can cause abnormal fuel flow and/or engine malfunction;

m.    being otherwise defective and unreasonably dangerous as set forth herein and/or revealed during discovery.

41.    As a direct and proximate result of the foregoing defects, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

42.    As a direct and proximate result of the foregoing defects, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

43.    As a direct and proximate result of the foregoing defects, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

44.    As direct and proximate result of the foregoing defects, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

45.    As a direct and proximate result of the foregoing defects, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

Case ID: 110902255

46.     As a direct and proximate result of the foregoing defects, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**COUNT TWO**
*Plaintiffs v. The Lycoming Defendants*
<u>NEGLIGENCE</u>

47.     Plaintiffs incorporate paragraphs 1 through 46 as though set forth at length herein.

48.     The Lycoming Defendants had a duty to exercise reasonable care in regard to their activities relating to the subject helicopter, its engine and its component parts and associated materials, including, but not limited to, its fuel delivery system and fuel injector servo and ignition system and magnetos.

49.     The Lycoming Defendants breached this duty and were negligent by virtue of the following:

   a.     failing to properly design the subject engine and its component parts including, but not limited to, its fuel delivery system, fuel injector servo, ignition system and magnetos;

   b.     failing to properly manufacture, rebuild and/or overhaul the subject engine and its component parts including, but not limited to, the fuel delivery system, ignition system, fuel injector servo and/or magnetos;

   c.     failing to specify and use proper materials and processes for and component parts used on the subject engine including, but not limited to, the fuel delivery system, ignition system, fuel injector servo and/or magnetos;

   d.     failing to provide adequate instructions, warnings, and information concerning the subject engine and its component parts including,

16

but not limited to, its fuel delivery system, ignition system, fuel injector servo and/or magnetos;

e.     failing to provide adequate instructions, warnings, and information regarding the use and maintenance of the subject engine and its component parts including, but not limited to, the subject engine's fuel delivery system, ignition system, fuel injector servo and/or magnetos;

f.     failing to provide adequate instructions, warnings, and information concerning the inspection, repair, and overhaul requirements for the subject engine and its component parts including, but not limited to, the subject engine's fuel delivery system, ignition system, fuel injector servo and/or magnetos;

g.     failing to provide adequate warnings concerning the failure modes associated with the subject engine and its component parts including, but not limited to, the subject engine's fuel delivery system, ignition system, fuel injector servo and/or magnetos;

h.     failing to provide adequate component parts for the subject helicopter's fuel delivery system including, but not limited to, its fuel injector servo and/or ignition system, including, but not limited to, magnetos;

i.     failing to provide a means to warn the pilot that the fuel injector servo is malfunctioning and/or supplying the incorrect amount or ratio of fuel to the engine;

i.     failing to provide a means to warn the pilot that the magnetos are malfunctioning and/or supplying improper ignition to the engine;

j.     failing to provide a means to prevent excessive delivery and/or consumption of fuel as the result of a malfunction of the fuel injector servo;

k.     failing to advise and/or warn owners, operators, and pilots that a fuel injector servo malfunction can cause abnormal fuel flow and/or engine malfunction;

l.     failing to use proper assembly and quality control procedures in the manufacture and/or overhaul of the subject engine, its component parts including, but not limited to, its fuel delivery system, ignition system, fuel injector servo, and/or magnetos;

Case ID: 110902255

m.   failing to properly manufacture and/or overhaul the subject engine and its component parts including, but not limited to, its fuel delivery system, ignition system, fuel injector servo, and/or magnetos;

n.   selling an engine with a fuel injector servo that had a defective fuel delivery system;

o.   failing to properly inspect and test the subject engine, its component parts including, but not limited to, its fuel delivery system, ignition system fuel injector servo, and/or magnetos;

p.   failing to correct known defects and deficiencies in the subject engine, its component parts and associated materials including the engine's fuel delivery system, ignition system, fuel injector servo, and/or magnetos;

q.   being otherwise negligent under the circumstances as set forth herein and/or revealed during discovery.

50.   As a direct and proximate result of the foregoing conduct, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

51.   As a direct and proximate result of the foregoing conduct, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

52.   As a direct and proximate result of the foregoing conduct, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

53.   As direct and proximate result of the foregoing conduct, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

54.   As a direct and proximate result of the foregoing conduct, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

Case ID: 110902255

55.     As a direct and proximate result of the foregoing conduct, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of Fifty Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**COUNT THREE**
*Plaintiffs v. The Lycoming Defendants*
**BREACH OF WARRANTY**

56.     Plaintiffs incorporate paragraphs 1 through 55 as though set forth at length herein.

57.     The Lycoming Defendants, each and all of them, are now, and/or were at all times material hereto, merchants engaged in the business of designing, manufacturing, selling, supplying, supporting, repairing, overhauling, maintaining, and assembling aircraft/helicopter engines as well as associated operation, repair, overhaul, installation and product support materials.

58.     The Lycoming Defendants described and advertised their goods for sale, including the subject engine, and its fuel delivery system, fuel injector servo, component parts and associated materials.  Such descriptions and advertisements included, but were not limited to, advertising brochures, instructions, manuals, specification sheets, and other product statements.  These descriptions and affirmations concerning the goods resulted in express warranties that the goods were as described and safe for their intended use.  In addition, the Lycoming Defendants provided an express warranty for the subject engine and its component parts.

59.     These descriptions, affirmations, and express warranties became part of the bases of the bargain of their sales and said warranties ran to Plaintiffs' decedent.

19

60.     As a result of the sales activities of the Lycoming Defendants, each and all of them, impliedly warranted that their individual goods were merchantable, fit for their ordinary purpose, properly labeled and packaged for sale and installation, and conformed to the promises and affirmations of fact made on their containers and labels.  These implied warnings ran from defendants to the Plaintiffs' decedent.

61.     As a result of the sales activities of the Lycoming Defendants, each and all of them, impliedly warranted that their goods were fit for their particular purpose, and each and all knew that their skill and judgment would be relied upon and were, in fact, relied upon by the purchaser of their individual goods.  These implied warranties ran to the Plaintiffs' decedent.

62.     Because the Lycoming Defendants are merchants as to their goods offered for sale, there arises as a result of the "course of dealings" and "usage of trade" an implied warranty that each of their individual goods are safe.  These implied warranties ran to the Plaintiffs' decedent.

63.     By selling defective goods, the Lycoming Defendants breached their express warranties and the implied warranties of merchantability and fitness for particular purpose and the implied warranties arising from the course of dealings and usage of trade.

64.     As a direct and proximate result of the foregoing breach, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

65.     As a direct and proximate result of the foregoing breach, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

66.     As a direct and proximate result of the foregoing breach, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

Case ID: 110902255

67.     As direct and proximate result of the foregoing breach, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

68.     As a direct and proximate result of the foregoing breach, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

69.     As a direct and proximate result of the foregoing breach, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

## COUNT FOUR
### *Plaintiffs v. The Precision Defendants*
### PRODUCT LIABILITY

70.     Plaintiffs incorporate paragraphs 1 through 69 as though set forth at length herein.

71.     At all times material hereto, the Precision Defendants were in the business of designing, manufacturing, selling, supplying, supporting, repairing, overhauling, maintaining, and assembling fuel injector servos and fuel injector servo components as well as associated operation, repair, overhaul, installation and product support materials ("associated materials").

72.     The Precision Defendants designed, manufactured, overhauled, repaired, supplied and/or sold the fuel delivery system on the subject engine, including its fuel injector servo and/or component parts thereof, as well as their associated materials.

73.     The aforementioned fuel delivery system, fuel injector servo, component parts, and associated materials were in the same or substantially similar condition at the time of the

21

Case ID: 110902255

crash as they were when designed, manufactured, overhauled, repaired, supplied, and/or sold by the Precision Defendants.

74.     At all times material hereto, said fuel delivery system, fuel injector servo, component parts, and associated materials were defective, resulting in an unreasonably dangerous condition that was a direct and proximate cause of the crash and the deaths of Steven Edward Lewis and Philip Charles Gray.

75.     The defects in the fuel delivery system, fuel injector servo, component parts, and associated materials consisted of the following:

       a.    defective and improper design of the subject engine's fuel delivery system, fuel injector servo and component parts;

       b.    defective and improper manufacture of the subject engine's fuel delivery system, fuel injector servo and component parts;

       c.    defective and inadequate instructions, warnings, and information concerning the subject engine's fuel delivery system, fuel injector servo and component parts;

       d.    defective and inadequate instructions, warnings, and information regarding the use and maintenance of the subject engine's fuel delivery system, fuel injector servo and component parts;

       e.    defective and inadequate instructions, warnings, and information concerning the inspection, repair, and overhaul requirements for the subject engine's fuel delivery system, fuel injector servo and component parts;

       f.    defective and inadequate warnings concerning the failure modes associated with the subject engine's fuel delivery system, fuel injector servo and component parts;

       g.    lack of adequate component parts for the subject helicopter's fuel delivery system, fuel injector servo and component parts;

       h.    lack of any device to warn the pilot that the fuel injector servo is malfunctioning and/or supplying the incorrect amount or ratio of fuel to the engine;

Case ID: 110902255

     i.        lack of any device to prevent excessive delivery and/or consumption of fuel as the result of a malfunction of the fuel injector servo;

     j.        lack of adequate warnings and instructions advising owners, operators, and pilots that a fuel injector servo malfunction can cause abnormal fuel flow and/or engine malfunction;

     k.       being otherwise defective and unreasonably dangerous as set forth herein and/or revealed during discovery.

76. As a direct and proximate result of the foregoing defects, the subject helicopter lost power and crashed resulting in the death of Steven Edward Lewis and Philip Charles Gray.

77. As a direct and proximate result of the foregoing defects, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

78. As a direct and proximate result of the foregoing defects, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

79. As direct and proximate result of the foregoing defects, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

80. As a direct and proximate result of the foregoing defects, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

81. As a direct and proximate result of the foregoing defects, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

Case ID: 110902255

## COUNT FIVE
### *Plaintiffs v. The Precision Defendants*
### NEGLIGENCE

82.    Plaintiffs incorporate paragraphs 1 through 81 as though set forth at length herein.

83.    The Precision Defendants had a duty to exercise reasonable care in regard to their activities relating to the subject helicopter, its engine, and fuel delivery system, including the fuel injector servo, its component parts, and associated materials.

84.    The Precision Defendants breached this duty and were negligent, by virtue of the following:

a.    failing to properly design the fuel delivery system, fuel injector servo, and  component parts used on the subject helicopter;

b.    failing to properly manufacture, rebuild and/or overhaul the fuel delivery system, fuel injector servo, and component parts used on the subject helicopter;

c.    failing to specify and use proper materials and processes for the fuel delivery system, fuel injector servo, and component parts used on the subject helicopter;

d.    failing to provide adequate instructions, warnings, and information concerning the subject engine's fuel delivery system, fuel injector servo and component parts;

e.    failing to provide adequate instructions, warnings, and information regarding the use and maintenance of the subject engine's fuel delivery system, fuel injector servo and component parts;

f.    failing to provide adequate instructions, warnings, and information concerning the inspection, repair, and overhaul requirements for the subject engine's fuel delivery system, fuel injector servo and component parts;

g.    failing to provide adequate warnings concerning the failure modes associated with the subject engine's fuel delivery system, fuel injector servo and component parts;

h.    failing to provide adequate component parts for the subject helicopter's fuel delivery system and fuel injector servo;

24

i.    failing to provide a means to warn the pilot that the fuel injector servo is malfunctioning and/or supplying the incorrect amount or ratio of fuel to the engine;

j.    failing to provide a means to prevent excessive delivery and/or consumption of fuel as the result of a malfunction of the fuel injector servo;

k.    failing to advise and/or warn owners, operators, and pilots that a fuel injector servo malfunction can cause abnormal fuel flow and/or engine malfunction;

l.    failing to use proper quality control procedures in the manufacture of the fuel delivery system, fuel injector servo, and component parts used on the subject helicopter;

m.    failing to properly test the fuel delivery system, fuel injector servo, and the components parts utilized on the subject helicopter;

n.    failing to correct known defects and deficiencies in the subject engine's fuel delivery system, fuel injector servo, component parts, and associated materials;

o.    being otherwise negligent under the circumstances as set forth herein and/or revealed during discovery.

85.    As a direct and proximate result of the foregoing conduct, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

86.    As a direct and proximate result of the foregoing conduct, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

87.    As a direct and proximate result of the foregoing conduct, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in his death.

88.    As direct and proximate result of the foregoing conduct, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

Case ID: 110902255

89.     As a direct and proximate result of the foregoing conduct, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

90.     As a direct and proximate result of the foregoing conduct, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**COUNT SIX**
*Plaintiffs v. The Precision Defendants*
**BREACH OF WARRANTY**

91.     Plaintiffs incorporate paragraphs 1 through 90 as though set forth at length herein.

92.     The Precision Defendants are now, and were at all times material hereto, merchants engaged in the business of designing, manufacturing, selling, supplying, supporting, repairing, overhauling, maintaining, and assembling fuel injector servos and fuel injector servo components as well as associated operation, repair, overhaul, installation and product support materials.

93.     The Precision Defendants described and advertised their goods for sale, including the fuel delivery system, fuel injector servo, and component parts installed on the subject helicopter. Such descriptions and advertisements included, but were not limited to, advertising brochures, instructions, manuals, specification sheets, and other product statements. These descriptions and affirmations concerning the goods resulted in express warranties that the goods were as described and safe for their intended use. In addition, the Precision Defendants provided

26

an express warranty for the fuel delivery system, fuel injector servo, and component parts utilized on the subject helicopter.

94.     These descriptions, affirmations, and express warranties became part of the bases of the bargain of their sales and said warranties ran to Plaintiffs' decedent.

95.     As a result of the sales activities of the Precision Defendants, each and all of them, impliedly warranted that their individual goods were merchantable, fit for their ordinary purpose, properly labeled and packaged for sale and installation, and conformed to the promises and affirmations of fact made on their containers and labels. These implied warnings ran from defendants to the Plaintiffs' decedent.

96.     As a result of the sales activities of the Precision Defendants, each and all of them, impliedly warranted that their goods were fit for their particular purpose, and each and all knew that their skill and judgment would be relied upon and were, in fact, relied upon by the purchaser of their individual goods. These implied warranties ran to the Plaintiffs' decedent.

97.     Because the Precision Defendants are merchants as to their goods offered for sale, there arises as a result of the "course of dealings" and "usage of trade" an implied warranty that each of their individual goods are safe. These implied warranties ran to the Plaintiffs' decedent.

98.     By selling defective goods, the Precision Defendants breached their express warranties and the implied warranties of merchantability and fitness for particular purpose and the implied warranties arising from the course of dealings and usage of trade.

99.     As a direct and proximate result of the foregoing breach, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

100.    As a direct and proximate result of the foregoing breach, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

101.    As a direct and proximate result of the foregoing breach, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in his death.

102.    As direct and proximate result of the foregoing breach, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

103.    As a direct and proximate result of the foregoing breach, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

104.    As a direct and proximate result of the foregoing breach, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**COUNT SEVEN**
*Plaintiffs v. The Precision Defendants*
*and the Lycoming Defendants*
**CONCERT OF ACTION**

105.    Plaintiffs incorporate paragraphs 1 through 104 as though set forth at length herein.

106.    At all times material hereto, the Precision Defendants and the Lycoming Defendants were acting in concert with one another and/or pursuant to a common plan and

28

Case ID: 110902255

design as to the design, manufacture, sale, and support of aircraft/helicopter engines and their fuel delivery systems, including the subject engine, its component parts and associated materials.

107.   At all times material hereto, the Precision Defendants and the Lycoming Defendants knew that the other's conduct was in breach of their duties and responsibilities to properly design, manufacture, sell, and support aircraft engines and their fuel delivery systems, including the subject engine, its component parts and associated materials.

108.   At all times material hereto, the Precision Defendants and the Lycoming Defendants gave substantial assistance to one another in designing, manufacturing, selling, and supporting aircraft engines and their fuel delivery systems, including the subject engine, its component parts and associated materials.

109.   As a result of the foregoing, the Precision Defendants and the Lycoming Defendants are responsible for the tortious conduct of the other and Plaintiffs' damages, as set forth above.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

## COUNT EIGHT
### *Plaintiffs v. The Schweizer Defendants*
### PRODUCT LIABILITY

110.   Plaintiffs incorporate paragraphs 1 through 109 as though set forth at length herein.

111.   At all times material hereto, the Schweizer Defendants were in the business of designing, manufacturing, selling, supplying, supporting, repairing, overhauling, maintaining,

and assembling helicopters as well as associated operation, repair, overhaul, installation and product support materials ("associated materials").

112.   The Schweizer Defendants designed, manufactured, assembled, overhauled, repaired, supplied and/or sold the subject helicopter, and/or component parts thereof, including the subject engine, as well as their associated materials.

113.   The subject helicopter, its component parts, and associated materials were in the same or substantially similar condition at the time of the accident as they were when designed, manufactured, assembled, overhauled, repaired, supplied, and/or sold by the Schweizer Defendants.

114.   At all times material herein, the subject helicopter, its component parts, and associated materials were defective, resulting in an unreasonably dangerous condition that was a direct and proximate cause of the crash and the deaths of Steven Edward Lewis and Philip Charles Gray.

115.   The defects in the subject helicopter, its component parts, and associated materials consisted of, but not limited to, the following:

    a.    defective and improper design of the subject helicopter and/or component parts thereof, including, but not limited to, its fuel delivery system and fuel injector servo and ignition system and magnetos;

    b.    defective and improper manufacture of the subject helicopter and/or component parts thereof, including, but not limited to, its fuel delivery system and fuel injector servo and ignition system and magnetos;

    c.    defective and improper use of materials in the subject helicopter and/or component parts thereof, including, but not limited to, its fuel delivery system and fuel injector servo and ignition system and magnetos;

Case ID: 110902255

d.      defective and inadequate instructions, warnings, and information concerning the subject helicopter and/or component parts thereof, including, but not limited to, its fuel delivery system and fuel injector servo and ignition system and magnetos;

e.      defective and inadequate instructions, warnings, and information concerning operation of the subject helicopter including, but not limited to, its fuel delivery system, fuel injector servo and component parts, ignition system, magnetos and component parts;

f.      defective and inadequate instructions, warnings, and information regarding the use and maintenance of the subject helicopter including, but not limited to, its fuel delivery system, fuel injector servo and component parts, ignition system, magnetos and component parts;

g.      defective and inadequate instructions, warnings, and information concerning the inspection, repair, and overhaul requirements for the subject helicopter including, but not limited to, its fuel delivery system, fuel injector servo and component parts, ignition system, magnetos and component parts;

h.      defective and inadequate warnings concerning the failure modes associated with the subject helicopter including, but not limited to, its fuel delivery system, fuel injector servo and component parts, ignition system, magnetos and component parts;

i.      lack of adequate component parts for the subject helicopter including, but not limited to, its fuel delivery system, fuel injector servo and/or ignition system and magnetos;

j.      lack of any device to warn the pilot that the helicopter's fuel injector servo is malfunctioning and/or supplying the incorrect amount or ratio of fuel to the engine or that the ignition system is malfunctioning and/or supplying improper ignition to the engine;

k.      lack of any device to prevent excessive delivery and/or consumption of fuel as the result of a malfunction of the fuel injector servo;

l.      lack of adequate warnings and instructions advising owners, operators, and pilots that a fuel injector servo malfunction can cause abnormal fuel flow and/or engine malfunction;

m.      being otherwise defective and unreasonably dangerous as set forth herein and/or revealed during discovery.

31

Case ID: 110902255

116.    As a direct and proximate result of the foregoing defects, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

117.    As a direct and proximate result of the foregoing defects, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

118.    As a direct and proximate result of the foregoing defects, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

119.    As direct and proximate result of the foregoing defects, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

120.    As a direct and proximate result of the foregoing defects, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

121.    As a direct and proximate result of the foregoing defects, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

### COUNT NINE
*Plaintiffs v. The Schweizer Defendants*
### NEGLIGENCE

122.    Plaintiffs incorporate paragraphs 1 through 121 as though set forth at length herein.

Case ID: 110902255

123.    The Schweizer Defendants had a duty to exercise reasonable care in regard to their activities relating to the subject helicopter, its component parts and associated materials including, but not limited to, its engine, fuel delivery system, ignition system, fuel injector servo, and/or magnetos.

124.    The Schweizer Defendants breached this duty and were negligent by virtue of the following:

a.    failing to properly design the subject helicopter including, but not limited to, its engine, fuel delivery system, ignition system, fuel injector servo, and  component parts;

b.    failing to properly manufacture, rebuild and/or overhaul the subject helicopter and its component parts including, but not limited to, the fuel delivery system, ignition system, fuel injector servo and/or magnetos;

c.    failing to specify and use proper materials and processes for and component parts used on the subject helicopter including, but not limited to, the fuel delivery system, ignition system, fuel injector servo and/or magnetos;

d.    failing to provide adequate instructions, warnings, and information concerning the subject helicopter and its component parts including, but not limited to, its fuel delivery system, ignition system, fuel injector servo and/or magnetos;

e.    failing to provide adequate instructions, warnings, and information regarding the use and maintenance of the subject helicopter and its component parts including, but not limited to, the subject engine's fuel delivery system, ignition system, fuel injector servo and/or magnetos;

f.    failing to provide adequate instructions, warnings, and information concerning the inspection, repair, and overhaul requirements for the subject helicopter and its component parts including, but not limited to, the subject engine's fuel delivery system, ignition system, fuel injector servo and/or magnetos;

g.    failing to provide adequate warnings concerning the failure modes associated with the subject helicopter and its component parts

33

including, but not limited to, the subject engine's fuel delivery system, ignition system, fuel injector servo and/or magnetos;

h.   failing to provide adequate component parts for the subject helicopter's fuel delivery system including, but not limited to, its fuel injector servo and/or ignition system, including, but not limited to, magnetos;

i.   failing to provide a means to warn the pilot that the fuel injector servo is malfunctioning and/or supplying the incorrect amount or ratio of fuel to the engine;

i.   failing to provide a means to warn the pilot that the magnetos are malfunctioning and/or supplying improper ignition to the engine;

j.   failing to provide a means to prevent excessive delivery and/or consumption of fuel as the result of a malfunction of the fuel injector servo;

k.   failing to advise and/or warn owners, operators, and pilots that a fuel injector servo malfunction can cause abnormal fuel flow and/or engine malfunction;

l.   failing to use proper assembly and quality control procedures in the manufacture and/or overhaul of the subject helicopter, its component parts including, but not limited to, its fuel delivery system, ignition system, fuel injector servo, and/or magnetos;

m.   failing to properly manufacture and/or overhaul the subject engine and its component parts including, but not limited to, its fuel delivery system, ignition system, fuel injector servo, and/or magnetos;

n.   selling an engine with a fuel injector servo that had a defective fuel delivery system;

o.   failing to properly inspect and test the subject helicopter, its component parts including, but not limited to, its fuel delivery system, ignition system fuel injector servo, and/or magnetos;

p.   failing to correct known defects and deficiencies in the subject helicopter, its component parts and associated materials including the engine's fuel delivery system, ignition system, fuel injector servo, and/or magnetos;

34

q.   being otherwise negligent under the circumstances as set forth herein and/or revealed during discovery.

125.   As a direct and proximate result of the foregoing conduct, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

126.   As a direct and proximate result of the foregoing conduct, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

127.   As a direct and proximate result of the foregoing conduct, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

128.   As direct and proximate result of the foregoing conduct, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

129.   As a direct and proximate result of the foregoing conduct, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

130.   As a direct and proximate result of the foregoing conduct, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**COUNT TEN**
*Plaintiffs v. The Schweizer Defendants*
**BREACH OF WARRANTY**

131.   Plaintiffs incorporate paragraphs 1 through 130 as though set forth at length herein.

Case ID: 110902255

132.    The Schweizer Defendants, each and all of them, are now, and/or were at all times material hereto, merchants engaged in the business of designing, manufacturing, selling, supplying, supporting, repairing, overhauling, maintaining, and assembling helicopters, including engines, as well as associated operation, repair, overhaul, installation and product support materials.

133.    The Schweizer Defendants described and advertised their goods for sale, including the subject helicopter component parts and associated materials.  Such descriptions and advertisements included, but were not limited to, advertising brochures, instructions, manuals, specification sheets, and other product statements.   These descriptions and affirmations concerning the goods resulted in express warranties that the goods were as described and safe for their intended use.  In addition, the Schweizer Defendants provided an express warranty for the subject helicopter and its component parts.

134.    These descriptions, affirmations, and express warranties became part of the bases of the bargain of their sales and said warranties ran to Plaintiffs' decedent.

135.    As a result of the sales activities of the Schweizer Defendants, each and all of them, impliedly warranted that their individual goods were merchantable, fit for their ordinary purpose, properly labeled and packaged for sale and installation, and conformed to the promises and affirmations of fact made on their containers and labels.  These implied warnings ran from defendants to the Plaintiffs' decedent.

136.    As a result of the sales activities of the Schweizer Defendants, each and all of them, impliedly warranted that their goods were fit for their particular purpose, and each and all knew that their skill and judgment would be relied upon and were, in fact, relied upon by the purchaser of their individual goods.  These implied warranties ran to the Plaintiffs' decedent.

Case ID: 110902255

137.   Because the Schweizer Defendants are merchants as to their goods offered for sale, there arises as a result of the "course of dealings" and "usage of trade" an implied warranty that each of their individual goods are safe.   These implied warranties ran to the Plaintiffs' decedent.

138.   By selling defective goods, the Schweizer Defendants breached their express warranties and the implied warranties of merchantability and fitness for particular purpose and the implied warranties arising from the course of dealings and usage of trade.

139.   As a direct and proximate result of the foregoing breach, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

140.   As a direct and proximate result of the foregoing breach, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

141.   As a direct and proximate result of the foregoing breach, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

142.   As direct and proximate result of the foregoing breach, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

143.   As a direct and proximate result of the foregoing breach, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

144.   As a direct and proximate result of the foregoing breach, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars

Case ID: 110902255

($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**COUNT ELEVEN**
*Plaintiffs v. Defendant Champion*
**PRODUCT LIABILITY**

145.   Plaintiffs incorporate paragraphs 1 through 144 as though set forth at length herein.

146.   At all times material hereto, Defendant Champion was in the business of designing, manufacturing, selling, supplying, supporting, repairing, overhauling, maintaining, and assembling magnetos and magneto components as well as associated operation, repair, overhaul, installation and product support materials ("associated materials").

147.   Defendant Champion designed, manufactured, overhauled, repaired, supplied and/or sold the subject engine's magnetos and/or component parts thereof, as well as their associated materials.

148.   The aforementioned magneto, component parts, and associated materials were in the same or substantially similar condition at the time of the accident as they were when designed, manufactured, overhauled, repaired, supplied, and/or sold by Defendant Champion.

149.   At all times material hereto, said magneto, component parts, and associated materials were defective, resulting in an unreasonably dangerous condition, that was a direct and proximate cause of the crash and the deaths of Steven Edward Lewis and Philip Charles Gray.

150.   The defects in the magneto, component parts, and associated materials consisted of the following:

   a.   defective and improper design of the subject engine's ignition system, magnetos and component parts;

38

b.   defective and improper manufacture of the subject engine's ignition system, magnetos and component parts;

c.   defective and inadequate instructions, warnings, and information concerning the subject engine's ignition system, magnetos and component parts;

d.   defective and inadequate instructions, warnings, and information regarding the use and maintenance of the subject engine's ignition system, magnetos and component parts;

e.   defective and inadequate instructions, warnings, and information concerning the inspection, repair, and overhaul requirements for the subject engine's ignition system, magnetos and component parts;

f.   defective and inadequate warnings concerning the failure modes associated with the subject engine's ignition system, magnetos and component parts;

g.   lack of adequate component parts for the subject helicopter's ignition system, magnetos and component parts;

h.   lack of any device to warn the pilot that the magneto system is malfunctioning and/or supplying the incorrect ignition and/or ignition timing to the engine;

i.   lack of any device to prevent improper ignition as the result of a malfunction of the magnetos;

j.   lack of adequate warnings and instructions advising owners, operators, and pilots that a magnetos malfunction can cause abnormal ignition and/or engine malfunction;

k.   being otherwise defective and unreasonably dangerous as set forth herein and/or revealed during discovery.

151.   As a direct and proximate result of the foregoing defects, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

152.   As a direct and proximate result of the foregoing defects, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

153.    As a direct and proximate result of the foregoing defects, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

154.    As direct and proximate result of the foregoing defects, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

155.    As a direct and proximate result of the foregoing defects, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

156.    As a direct and proximate result of the foregoing defects, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

**COUNT TWELVE**
*Plaintiffs v. Defendant Champion*
<u>**NEGLIGENCE**</u>

157.    Plaintiffs incorporate paragraphs 1 through 156 as though set forth at length herein.

158.    Defendant Champion had a duty to exercise reasonable care in regard to their activities relating to the subject helicopter's engine and its magnetos, component parts, and associated materials.

159.    Defendant Champion breached this duty and were negligent by virtue of the following:

        a.    failing to properly design the ignition system, magnetos, and component parts used on the subject engine;

40

b.     failing to properly manufacture, rebuild and/or overhaul the ignition system, magnetos, and component parts used on the subject engine;

c.     failing to specify and use proper materials and processes for the ignition system, magnetos, and component parts used on the subject engine;

d.     failing to provide adequate instructions, warnings, and information concerning the subject engine's ignition system, magnetos and component parts;

e.     failing to provide adequate instructions, warnings, and information regarding the use and maintenance of the subject engine's ignition system, magnetos and component parts;

f.     failing to provide adequate instructions, warnings, and information concerning the inspection, repair, and overhaul requirements for the subject engine's ignition system, magnetos and component parts;

g.     failing to provide adequate warnings concerning the failure modes associated with the subject engine's ignition system, magnetos and component parts;

h.     failing to provide adequate component parts for the subject engine's ignition system and magnetos;

i.     failing to provide a means to warn the pilot that the magnetos are malfunctioning and/or supplying the incorrect ignition and/or ignition timing to the subject engine;

j.     failing to provide a means to prevent improper ignition and/or ignition timing as the result of a malfunction of the magnetos;

k.     failing to advise and/or warn owners, operators, and pilots that a magneto malfunction can cause abnormal ignition and/or engine malfunction;

l.     failing to use proper quality control procedures in the manufacture of the ignition system, fuel injector servo, and component parts used on the subject engine;

41

      m.      failing to correct known defects and deficiencies in the subject engine's ignition system, magnetos, component parts, and associated materials;

      n.      being otherwise negligent under the circumstances as set forth herein and/or revealed during discovery.

160.    As a direct and proximate result of the foregoing conduct, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

161.    As a direct and proximate result of the foregoing conduct, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

162.    As a direct and proximate result of the foregoing conduct, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

163.    As direct and proximate result of the foregoing conduct, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

164.    As a direct and proximate result of the foregoing conduct, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

165.    As a direct and proximate result of the foregoing conduct, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

Case ID: 110902255

## COUNT THIRTEEN
### *Plaintiffs v. Defendant Champion*
### BREACH OF WARRANTY

166.    Plaintiffs incorporate paragraphs 1 through 165 as though set forth at length herein.

167.    Defendant Champion is now, and was at all times material hereto, a merchant engaged in the business of designing, manufacturing, selling, supplying, supporting, repairing, overhauling, maintaining, and assembling magnetos and magneto components as well as associated operation, repair, overhaul, installation and product support materials.

168.    Defendant Champion described and advertised its goods for sale, including the magnetos and/or component parts installed on the subject engine.   Such descriptions and advertisements included, but were not limited to, advertising brochures, instructions, manuals, specification sheets, and other product statements.   These descriptions and affirmations concerning the goods resulted in express warranties that the goods were as described and safe for their intended use.   In addition, Defendant Champion provided an express warranty for the ignition system, magnetos, and/or component parts utilized on the subject helicopter.

169.    These descriptions, affirmations, and express warranties became part of the bases of the bargain of their sales and said warranties ran to Plaintiffs' decedent.

170.    As a result of the sales activities of Defendant Champion, it impliedly warranted that its goods were merchantable, fit for their ordinary purpose, properly labeled and packaged for sale and installation, and conformed to the promises and affirmations of fact made on their containers and labels. These implied warnings ran from defendant to the Plaintiffs' decedent.

171.    As a result of the sales activities of Defendant Champion impliedly warranted that its goods were fit for their particular purpose, and knew that its skill and judgment would be

relied upon and were, in fact, relied upon by the purchaser of their goods. These implied warranties ran to the Plaintiffs' decedent.

172. Because Defendant Champion is a merchant as to its goods offered for sale, there arises as a result of the "course of dealings" and "usage of trade" an implied warranty that its goods are safe. This implied warranty ran to the Plaintiffs' decedent.

173. By selling defective goods, Defendant Champion breached its express warranties and the implied warranties of merchantability and fitness for particular purpose and the implied warranties arising from the course of dealings and usage of trade.

174. As a direct and proximate result of the foregoing breach, the subject helicopter lost power and crashed resulting in the deaths of Steven Edward Lewis and Philip Charles Gray.

175. As a direct and proximate result of the foregoing breach, Steven Edward Lewis and Philip Charles Gray suffered pre-impact fear, severe emotional distress, and conscious pain and suffering.

176. As a direct and proximate result of the foregoing breach, Steven Edward Lewis and Philip Charles Gray suffered serious personal injuries which resulted in their deaths.

177. As direct and proximate result of the foregoing breach, Plaintiffs have suffered severe emotional distress, loss of services, aid and society as well as pecuniary injuries and damages.

178. As a direct and proximate result of the foregoing breach, Plaintiffs have suffered pecuniary loss including but not limited to loss of earnings and earning capacity.

179. As a direct and proximate result of the foregoing breach, Plaintiffs are entitled to recover compensatory damages in an amount to be determined at trial.

44

Case ID: 110902255

WHEREFORE, Plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages in the amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand trial by a jury of twelve (12) on all counts against all defendants.

LAW OFFICES OF RICHARD E. GENTER

Richard E. Genter, Esquire
Suite 200
610 Old York Road
Jenkintown, PA 19046
(215) 884-8190
*Attorney for Plaintiffs*

and

Daniel O. Rose, Esquire
*(Motion for Pro Hac Vice to be Filed)*
KREINDLER & KREINDLER LLP
32nd Floor
750 Third Avenue
New York, NY 10017
(212) 687-8181
*Attorney for Plaintiffs*

45

## VERIFICATION

Richard E. Genter, Esquire having superior knowledge to the named plaintiffs, hereby verifies and states pursuant to Pa. R. Civ. P. 1024(c)(1) and (2) that the averments or denials of facts contained in the foregoing Civil Action Complaint are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject tot the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Dated:  September 21, 2011

Richard E. Genter, Esquire

Case ID: 110902255

## VERIFICATION

Daniel O. Rose, Esquire having superior knowledge to the named plaintiffs, hereby verifies and states pursuant to Pa. R. Civ. P. 1024(c)(1) and (2) that the averments or denials of facts contained in the foregoing Civil Action Complaint are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Dated: September 21, 2011

Daniel O. Rose, Esquire