## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pamela Margaret Lewis, Individually and As     :
Personal Representative of the Estate of Steve  :
Edward Lewis, Deceased, and Keith         :
Whitehead and John Joseph Wroblewski as   :
Co-Personal Representatives of the Estate of   :
Philip Charles Gray, Deceased,          :
                    :
          Plaintiffs       :
                    :
    vs.               :
                    :
LYCOMING a/k/a, d/b/a and/or f/k/a      :
Lycoming Engines, Textron Systems      :
Corporation, Textron, Inc., Textron, Avco   :
Corporation, Textron Lycoming, Textron   :
Lycoming Reciprocating Engine Division   :     CIVIL ACTION NO. 2:11-cv-06475-HB
and/or Avco Lycoming; AVCO Corporation  :
a/k/a, d/b/a and/or f/k/a Textron, Inc., Textron :
Systems Corporation,  Textron Lycoming   :
Reciprocating Engine Division, Avco     :
Lycoming, Lycoming Engines and/or     :
Lycoming; TEXTRON, Inc. a/k/a, d/b/a and/or :
f/k/a Textron, Textron Systems Corporation,  :
Avco Corporation, Textron Lycoming, Textron :
Lycoming Reciprocating Engine Division,   :
Avco Lycoming, Lycoming Engines and/or  :
Lycoming; TEXTRON SYSTEMS       :
CORPORATION a/k/a, d/b/a and/or f/k/a   :
Textron, Inc., Textron, Avco Corporation,   :
Textron Lycoming, Textron Lycoming     :
Reciprocating Engine Division, Avco     :
Lycoming, Lycoming Engines and/or     :
Lycoming; PRECISION AIRMOTIVE LLC;  :
PRECISION AIRMOTIVE CORPORATION;  :
SCHWEIZER AIRCRAFT CORPORATION;  :
SCHWEIZER HOLDINGS, INC.;       :
SIKORSKY AIRCRAFT CORPORATION;   :
UNITED TECHNOLOGIES          :
CORPORATION, and CHAMPION      :
AEROSPACE, LLC,            :
                    :
         Defendants     :

## O R D E R

**AND NOW**, this          day of                    , 2011, upon consideration of Plaintiffs' Motion for Remand, and the Response of Defendants AVCO Corporation, Textron Inc., and Textron Systems Corporation to Plaintiffs' Motion for Remand, **IT IS HEREBY ORDERED AND DECREED** that Plaintiffs' Motion for Remand is **DENIED**.

BY THE COURT:

_____

J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pamela Margaret Lewis, Individually and As
Personal Representative of the Estate of Steve
Edward Lewis, Deceased, and Keith
Whitehead and John Joseph Wroblewski as
Co-Personal Representatives of the Estate of
Philip Charles Gray, Deceased,

                Plaintiffs

    vs.

LYCOMING a/k/a, d/b/a and/or f/k/a
Lycoming Engines, Textron Systems
Corporation, Textron, Inc., Textron, Avco
Corporation, Textron Lycoming, Textron
Lycoming Reciprocating Engine Division
and/or Avco Lycoming; AVCO Corporation
a/k/a, d/b/a and/or f/k/a Textron, Inc., Textron
Systems Corporation,  Textron Lycoming
Reciprocating Engine Division, Avco
Lycoming, Lycoming Engines and/or
Lycoming; TEXTRON, Inc. a/k/a, d/b/a and/or
f/k/a Textron, Textron Systems Corporation,
Avco Corporation, Textron Lycoming, Textron
Lycoming Reciprocating Engine Division,
Avco Lycoming, Lycoming Engines and/or
Lycoming; TEXTRON SYSTEMS
CORPORATION a/k/a, d/b/a and/or f/k/a
Textron, Inc., Textron, Avco Corporation,
Textron Lycoming, Textron Lycoming
Reciprocating Engine Division, Avco
Lycoming, Lycoming Engines and/or
Lycoming; PRECISION AIRMOTIVE LLC;
PRECISION AIRMOTIVE CORPORATION;
SCHWEIZER AIRCRAFT CORPORATION;
SCHWEIZER HOLDINGS, INC.;
SIKORSKY AIRCRAFT CORPORATION;
UNITED TECHNOLOGIES
CORPORATION, and CHAMPION
AEROSPACE, LLC,

                Defendants

CIVIL ACTION NO. 2:11-cv-06475-HB

**RESPONSE OF DEFENDANTS AVCO CORPORATION, TEXTRON INC., AND**
**TEXTRON SYSTEMS CORPORATION TO PLAINTIFFS' MOTION FOR REMAND**

Defendants AVCO Corporation, on behalf of its Lycoming Engines Division, Textron Inc., and Textron Systems Corporation, by and through their undersigned counsel, submit the following in opposition to Plaintiffs' Motion for Remand:

1.     Affidavit of Service for Lycoming Engines, attached hereto as Exhibit "A";

2.     Affidavit of Service for AVCO Corporation, attached hereto as Exhibit "B";

3.     Declaration of Ann T. Willaman Pursuant to 28 U.S.C. § 1746, and Exhibits 1 through 6 thereto, attached hereto as Exhibit "C";

4.     Chart summarizing the exhibits to Plaintiffs' Motion for Remand, attached hereto as Exhibit "D";

5.     Excerpt from the Public Browse and Search – Filing Results for AVCO CORPORATION from the Massachusetts Secretary of State website, www.corp.sec.state.ma.us, attached hereto as Exhibit "E";

6.     Annual Report, Filing Number 201129678970, filed by AVCO Corporation with the Massachusetts Secretary of the Commonwealth, Corporations Division, attached hereto as Exhibit "F";

7.     Excerpt from the Cessna website, www.cessna.com/careers.html, with a link to the Careers at Textron link on Textron Inc.'s website, www.careers.textron.com, attached hereto as Exhibit "G"; and

8.     Excerpt from the Bell Helicopter website, www.bellhelicopter.com/en/careers, with a link to the Careers at Textron link on Textron Inc.'s website, www.careers.textron.com, attached hereto as Exhibit "H".

For the reasons more particularly set forth in the accompanying Memorandum of Law in Opposition to Plaintiffs' Motion for Remand, which is incorporated herein by reference, no Defendant is a resident of Pennsylvania, there is no defect in the removal procedure, and this action should not be remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania.  The undersigned is authorized to represent that Defendants Precision Airmotive LLC, Precision Airmotive Corporation, Schweizer Aircraft Corporation, Schweizer Aircraft Holdings LLC, Sikorsky Aircraft Corporation, United Technologies Corporation, and Champion Aerospace LLC all join in the relief requested herein.

WHEREFORE, Defendants AVCO Corporation, on behalf of its Lycoming Engines Division, Textron Inc., and Textron Systems Corporation, respectfully request that this Honorable Court:

1.      Deny Plaintiffs' Motion for Remand in all respects;

2.      Enter the form of Order attached hereto;

3.      Reset the Rule 16 Conference; and

4.      Grant such other relief as may be just and appropriate under the circumstances.

Respectfully submitted,


/s/ James E. Robinson
James E. Robinson (PA 77515)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2073
jrobinson@cozen.com

Attorneys for Defendants AVCO Corporation,
on behalf of its Lycoming Engines Division,
Textron Inc., and Textron Systems Corporation

- 3 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pamela Margaret Lewis, Individually and As     :
Personal Representative of the Estate of Steve   :
Edward Lewis, Deceased, and Keith              :
Whitehead and John Joseph Wroblewski as     :
Co-Personal Representatives of the Estate of    :
Philip Charles Gray, Deceased,             :
                                         :
                Plaintiffs            :
                                         :
     vs.                         :
                                         :
LYCOMING a/k/a, d/b/a and/or f/k/a       :
Lycoming Engines, Textron Systems        :
Corporation, Textron, Inc., Textron, Avco    :
Corporation, Textron Lycoming, Textron     :
Lycoming Reciprocating Engine Division     :
and/or Avco Lycoming; AVCO Corporation    :         CIVIL ACTION NO. 2:11-cv-06475-HB
a/k/a, d/b/a and/or f/k/a Textron, Inc., Textron   :
Systems Corporation,  Textron Lycoming     :
Reciprocating Engine Division, Avco        :
Lycoming, Lycoming Engines and/or       :
Lycoming; TEXTRON, Inc. a/k/a, d/b/a and/or   :
f/k/a Textron, Textron Systems Corporation,    :
Avco Corporation, Textron Lycoming, Textron   :
Lycoming Reciprocating Engine Division,     :
Avco Lycoming, Lycoming Engines and/or     :
Lycoming; TEXTRON SYSTEMS           :
CORPORATION a/k/a, d/b/a and/or f/k/a     :
Textron, Inc., Textron, Avco Corporation,     :
Textron Lycoming, Textron Lycoming       :
Reciprocating Engine Division, Avco        :
Lycoming, Lycoming Engines and/or       :
Lycoming; PRECISION AIRMOTIVE LLC;    :
PRECISION AIRMOTIVE CORPORATION;   :
SCHWEIZER AIRCRAFT CORPORATION;    :
SCHWEIZER HOLDINGS, INC.;          :
SIKORSKY AIRCRAFT CORPORATION;     :
UNITED TECHNOLOGIES             :
CORPORATION, and CHAMPION        :
AEROSPACE, LLC,               :
                                         :
               Defendants        :

**MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFFS' MOTION TO REMAND**

## A.  INTRODUCTION

This wrongful death and survival action arises from an aircraft accident on September 22, 2009, which occurred approximately thirty miles north of Liverpool, England, killing the two pilots, both citizens of the United Kingdom.  The action was commenced by the personal representatives of the two estates ("the English Plaintiffs") in the Court of Common Pleas of Philadelphia County, Pennsylvania, on September 21, 2011, the day before the second anniversary of the accident.  (Doc. 1-4 at 2).  The action was removed, with the consent of all Defendants, on October 17, 2011.  (Doc. 1; Doc. 1-5; Doc. 1-6; Doc. 1-7).

The English Plaintiffs filed Plaintiffs' Motion for Remand ("the Motion for Remand") at 6:59 p.m. on November 16, 2011, the thirteenth day after removal, alleging a defect in the removal procedure.  (Doc. 24).  The English Plaintiffs argue in seeking remand that AVCO Corporation ("AVCO"), a multi-industry holding company, has its principal place of business in Williamsport, Pennsylvania, even though:

• The English Plaintiffs identify AVCO's address **in the caption of their pleading** as being 201 Lowell Street, Wilmington, MA 01887;

• The English Plaintiffs allege **in paragraph 4 of their pleading** that AVCO's principal place of business is 201 Lowell Street, Wilmington, MA 01887; and

• The English Plaintiffs **effected service of process** upon AVCO at 201 Lowell Street, Wilmington, MA 01887.

The English Plaintiffs were correct in pleading that AVCO's principal place of business is in Massachusetts and in serving AVCO at the location where its corporate nerve center is located.  There is no defect in the removal procedure, and the Court is respectfully requested to deny the pending Motion for Remand in all respects.

- 2 -

## II.     STATEMENT OF THE CASE

This action was commenced on September 21, 2011, one year and 364 days after the aircraft accident giving rise to the litigation.  (Doc. 1-4 at 2).  The English Plaintiffs filed suit in the Court of Common Pleas of Philadelphia County, even though neither they nor their decedents are residents of Philadelphia County, none of the defendants are residents of Philadelphia County, the accident did not occur in Philadelphia County, and none of the underlying events took place in Philadelphia County.   Among the eleven named Defendants in the Civil Action Complaint ("the Complaint") are Lycoming Engines and AVCO.  (Compl. ¶¶ 3-4) (Doc. 1-4 at 11-42).

As to the former, the English Plaintiffs allege in the Complaint that Lycoming Engines "are [sic] … interrelated entities" with "its" principal place of business in Williamsport, Pennsylvania.  (Compl. ¶ 3) (Doc. 1-4 at 11).  Lycoming Engines is not a separate corporation but is an unincorporated operating division of AVCO.  (Doc. 1 at 6, ¶ 21; Doc. 3).  Lycoming Engines was served at its manufacturing facility in Williamsport, Lycoming County.  (See Exhibit "A").

As to the latter, the caption of the Complaint lists AVCO's address as being 201 Lowell Street, Wilmington, MA 01887.  (Doc. 1-4 at 9).  In paragraph 4 of the Complaint, the English Plaintiffs specifically plead that AVCO's principal place of business is in Wilmington, Massachusetts, to wit:  **"AVCO is a corporation organized and existing under the laws of the State of Delaware, is registered as a foreign corporation in Pennsylvania, with its principal place of business at 201 Lowell Street, Wilmington, MA 01887."**  (Compl. ¶ 4) (Doc. 1-4 at 11) (emphasis supplied).  AVCO was served  in Wilmington, Massachusetts, and through its registered agent in Harrisburg, Dauphin County, Pennsylvania, but was **not** served at the Lycoming Engines facility in Williamsport.  (See Exhibit "B").

- 3 -

AVCO was incorporated in Delaware in 1929.  (See Declaration of Ann T. Willaman Pursuant to 28 U.S.C. § 1746 ("Willaman Decl.") ¶ 3 (Exhibit "C")).  Textron Inc. is the sole shareholder of AVCO, having acquired AVCO's stock in the winter of 1984-1985.  (Willaman Decl. ¶¶ 4, 5) (Exhibit "C").   At the time Textron Inc. acquired AVCO's stock, AVCO maintained its headquarters and principal place of business in Greenwich, Connecticut. (Willaman Decl. ¶ 13) (Exhibit "C").  AVCO then "relocated its principal place of business to Providence, Rhode Island."  *AVCO Corp. v. Aetna Cas. & Sur. Co.*, 679 A.2d 323, 326 n.3 (R.I. 1996).  For the next quarter century, AVCO maintained its headquarters and its principal place of business in Providence, Rhode Island.[1]  Within the past year, AVCO moved its headquarters and principal place of business from Providence, Rhode Island, to Wilmington, Massachusetts. (Willaman Decl. ¶ 11) (Exhibit "C").

AVCO is a holding company primarily in the business of manufacturing products for the United States Government and commercial customers, including military vehicles, sensor fused weapons, electronic surveillance and related equipment and software, and reciprocating aircraft engines.  (Willaman Decl. ¶ 8) (Exhibit "C").  AVCO is currently qualified to transact business in Alabama, California, Connecticut, Delaware, Florida, Georgia, Kansas, Massachusetts,

---

[1]   *See Powers v. Lycoming Engines*, 328 F. App'x 121, 126 n.2 (3d Cir. 2009) ("The record reveals that Lycoming Engines, though located in Pennsylvania, is a division of AVCO Corporation, a Delaware corporation with its principal place of business in Rhode Island"); *Wooton v. Pumpkin Air, Inc.*, 869 F.2d 848, 850 (5th Cir. 1989) ("AVCO and Textron are both Delaware corporations whose principal places of business are in Rhode Island"); *Powers v. Lycoming Engines*, No. 06-2993, 2011 U.S. Dist. LEXIS 12946, at *25 (E.D. Pa. Feb. 9, 2011) (stating that Lycoming Engines "is a division of AVCO, a Delaware corporation with its principal place of business in Rhode Island"); *AVCO Corp. v. Progressive Steel Treating, Inc.*, No. 05 C 4364, 2005 U.S. Dist. LEXIS 22964, at *2 (N.D. Ill. Oct. 6, 2005) ("Avco is a Delaware Corporation with its principal place of business in Providence, Rhode Island"); *Brooker v. Textron, Inc.*, No. 02-2651, 2002 U.S. Dist. LEXIS 23503, at *2 (E.D. Pa. Nov. 20, 2002) ("Textron Inc. and AVCO are incorporated under the laws of Delaware and have principal places of business in Providence, Rhode Island").

Michigan, New Jersey, New Mexico, New York, Ohio, Pennsylvania, Puerto Rico, Texas, and Tennessee.  (Willaman Decl. ¶ 9) (Exhibit "C").  AVCO's business units include AVCO Rhode Island (2002) Inc., Christine Realty Co., Inc., Overwatch Systems, Ltd., Textron Systems Corporation, and United Industrial Corporation.  (Willaman Decl. ¶ 7) (Exhibit "C").  AVCO also has an unincorporated operating division, Lycoming Engines, which manufactures reciprocating (piston) aircraft engines.  (Willaman Decl. ¶ 6) (Exhibit "C").

AVCO has three Board members, W. Robert Kemp, Frederick M. Strader, and Robert J. Sullivan, each of whom is located in Wilmington, Massachusetts.  (Willaman Decl. ¶¶ 16, 17) (Exhibit "C").[2]  Since Textron Inc. acquired AVCO in 1985, no Annual Meetings of the Board of Directors have been held in Williamsport, Pennsylvania.  (Willaman Decl. ¶ 19) (Exhibit "C"). The most recent Annual Meeting of the Board of Directors took place in Wilmington, Massachusetts, on May 10, 2011.  (Willaman Decl. ¶ 18) (Exhibit "C").

Eighteen Officers were elected at the most recent Annual Meeting of AVCO's Board of Directors.  (Willaman Decl. ¶ 21) (Exhibit "C").   One Officer has since resigned.  (Willaman Decl. ¶ 21) (Exhibit "C").   Eight of the seventeen current Officers (Carl G. Buzawa, John J. Cronin, Benjamin Hudson, W. Robert Kemp, Frederick M. Strader, Robert J. Sullivan, James Tarallo, and Ian Walsh) are located in Wilmington, Massachusetts.  (Willaman Decl. ¶ 22) (Exhibit "C").  Three of the current Officers (Patricia L. Elmer, James Cournoyer, and Ann T. Willaman) are located in Providence, Rhode Island.  (Willaman Decl. ¶ 23) (Exhibit "C").  Two of the current Officers (Donald Hairston and Alison Robinson) are located in Hunt Valley, Maryland.  (Willaman Decl. ¶ 25) (Exhibit "C").  Two of the current Officers (Michael Kraft and

---

[2] Mr. Kemp resides in Rhode Island.  (Rose Decl. Ex. 15) (Doc. 25-17).

David Dawes) are located in Williamsport, Pennsylvania.  (Willaman Decl. ¶ 24) (Exhibit "C").

One current Officer (Tim Harrington) is located in Hurst (Fort Worth), Texas, and one current

Officer (Kevin J. Cosgriff) is located in the District of Columbia.  (Willaman Decl. ¶¶ 26, 27)

(Exhibit "C").

With the exception of the Vice President - Legal, who is based in Texas, and two of the

Senior Vice Presidents, who are based in Maryland and the District of Columbia, AVCO's upper

echelon Officers, including the President, the Executive Vice President and Chief Strategy

Officer, the Senior Vice President, Treasurer and CFO, and the Vice President and Secretary, all

are based in Massachusetts.  (Willaman Decl. ¶ 28) (Exhibit "C").  These senior corporate

Officers have the responsibility to direct and develop plans, strategies, budgets, and goals, to

oversee significant corporate decisions, and set corporate policy.  (Willaman Decl. ¶ 29) (Exhibit

"C").  Business decisions for AVCO and its subsidiaries, including major decisions for

Lycoming Engines, must be approved by Frederick Strader or members of his senior

staff.  (Willaman Decl. ¶ 30) (Exhibit "C").  Business decisions requiring express approval by

Mr. Strader and other members of his senior staff include the following types of transactions,

among others, that exceed specified dollar amounts: 1) sales transactions; 2) capital

expenditures; 3) leases; 4) purchase, sale, or licensing in or out of intellectual property; 5) supply

chain commitments; 6) engagement of consultants; 7)  all acquisitions or dispositions of

businesses; 8) all appointments of distributors; and 9) certain human resources matters.

(Willaman Decl. ¶ 30) (Exhibit "C").

AVCO's headquarters and administrative offices are located in Wilmington,

Massachusetts, where its senior corporate management is based.  (Willaman Decl. ¶ 11) (Exhibit

"C").  AVCO's corporate governance and financial books and records are maintained at AVCO's

headquarters in Wilmington, Massachusetts.  (Willaman Decl. ¶ 11) (Exhibit "C").

## III.     ARGUMENT

The English Plaintiffs claim a defect in the removal procedure, *i.e*, that AVCO is a resident of the forum, not lack of subject matter jurisdiction.   Their factual proffer, and the arguments based on their factual proffer, focus on the day-to-day manufacturing and sales operations of an unincorporated division and not on the nerve center of the corporation itself. The corporate nerve center is in Massachusetts, and the Motion for Remand should be denied.

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a).   Federal district courts have original jurisdiction over civil actions between citizens of a foreign state and citizens of a state if the amount in controversy exceeds $75,000, exclusive of costs and interest.   28 U.S.C. § 1332(a)(2).   Defendants may remove an action to federal court if the action originally instituted in state court could have been brought in federal court pursuant to diversity jurisdiction.   *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, No. 04-29688, 2009 U.S. Dist. LEXIS 100661, at *4-*5 (E.D. Pa. Oct. 27, 2009).   This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) in that there is complete diversity of citizenship and this action could have originally been brought in federal court.

### A.     Lycoming Engines Shares The Citizenship Of AVCO

Lycoming Engines is an unincorporated operating division of AVCO.   (Doc. 2).   "[A] corporation's unincorporated division is not an independent entity for diversity purposes." *Bruesewitz v. Wyeth Corp.*, No. 05-5994, 2006 U.S. Dist. LEXIS, at *9 (E.D. Pa. Mar. 27, 2006). Rather, "an unincorporated division has the same citizenship of the corporation of which it is a part." *Kotzo v. Vitamin World*, No. 91-3820, 1991 U.S. Dist. LEXIS 12728, at *2 (E.D. Pa. Sept.

11, 1991).   "Defendant Lycoming Engines is a division of AVCO…, and as such it shares citizenship with that company."   *3CG, LLC v. Textron, Inc.*, No. 4:11-cv-00880, 2011 U.S. Dist. LEXIS 91793, at *4 (M.D. Pa. Aug. 16, 2011) (holding that Lycoming Engines shares the Delaware and Massachusetts citizenship of AVCO for purposes of diversity jurisdiction).

The English Plaintiffs make repeated reference in the Memorandum of Law in Support of Plaintiffs' Motion for Remand ("their Memorandum of Law" or "Pls.' Mem.") to Lycoming Engines being "headquartered" in Williamsport.   (Pls.' Mem. at 3, 5, 13, 15) (Doc. 24-1).   The English Plaintiffs reason that, because Lycoming Engines is located in Lycoming County, its corporate parent must be a citizen of Pennsylvania.   (Pls.' Mem. at 15) (Doc. 24-1).   They have it exactly backwards.   The "citizenship of a corporation for diversity purposes cannot be based upon the location of an unincorporated division of a company."   *Mears v. McNeil-PPC, Inc.*, No. 95-3820, 1995 U.S. Dist. LEXIS 17138, at *3 (E.D. Pa. Nov. 16, 1995).

A corporation's principal place of business under *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), is not the location of an unincorporated division, even a dominant division, but is the location of the corporation's nerve center or "brain."   The nerve center for AVCO is in the Commonwealth of Massachusetts, not the Commonwealth of Pennsylvania.

### B.      The Nerve Center Test Is The Governing Standard

A corporation is deemed to be a citizen of any state in which it is incorporated and the state where it maintains its principal place of business.   28 U.S.C. §  1332(c)(1).   In *Hertz*, the United States Supreme Court defined "principal place of business" as the place where "the corporation's high level officers direct, control, and coordinate the corporation's activities . . . the corporation's 'nerve center.'"   130 S. Ct. at 1186.

The Supreme Court adopted the "nerve center" test to resolve conflicts among the circuits and in an effort to create a more uniform interpretation of the statutory language. *Id.* at 1192. The "nerve center" test explicitly rejected the "center of corporate activities" test used by the United States Court of Appeals for the Third Circuit for nearly a half century. *Id.* (referring to *Kelly v. United States Steel Corp.*, 284 F.2d 856 (3d Cir. 1960)). While the "center of corporate activities" test focuses on the "headquarters of a corporation's day-to-day activities," the "nerve center" test focuses on the place where high level officers shape corporate policy. *Hertz Corp.*, 130 S. Ct. at 1192. The word "principal" requires a court to pick out the "main, prominent" or "leading" place. *Id.*

The Supreme Court adopted the "nerve center" test to achieve a nationally uniform interpretation of federal law and to eliminate tests like the Third Circuit's "center of corporate activities" test that the Supreme Court determined were "imprecise." *Id.* at 1191. The "nerve center" approach suggests a corporate "brain" from which high level executives issue decisions affecting the future of the company. The "center of corporate activities" approach, however, leaves too many variables open to conflicting interpretations, including the relative importance of the locations of multiple plants, sales locations, locations of employees, and more. *Id.* at 1194. Conversely, the "nerve center" test "points courts in a single direction, towards the center of *overall* direction, control, and coordination." *Id.* (emphasis added).

In applying the nerve center test, courts do not (and should not) weigh corporate functions, assets, or revenues. *Id.* at 1194. The nerve center should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination. *Id.* at 1192. The Supreme Court cautioned, however, that "if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place

of business' is New York." *Id.* at 1194.  The question is simply stated: where are a company's top officers directing a company's business activities?  *Id.*

The answer to that question vis-à-vis AVCO is Massachusetts, where AVCO is headquartered, where all of its Directors and a plurality of its Officers are located, and where the actual center of direction, control, and coordination for its business activities is located.

### C.    The Motion For Remand Contradicts The Complaint

Throughout the Motion for Remand, the English Plaintiffs repeatedly state that they pled in the Complaint that AVCO's principal place of business is in Williamsport, Pennsylvania. (Pls.' Mem. at 4, 5, 12, 13) (Doc. 24-1).   Their Memorandum of Law and the supporting Declaration of Daniel O. Rose ("the Rose Declaration" or "Rose Decl.") assert the following with regard to the contents of paragraph 4 of the Complaint:

> The Complaint also alleges that the principal place of business for
> "Avco Corporation a/k/a, d/b/a and/or f/k/a … Lycoming Engines
> and/or Lycoming," is also 652 Oliver Street, Williamsport,
> Pennsylvania 17701.  *Id.* at ¶ 4.  Plaintiffs also allege that Avco
> conducts virtually no business outside its Lycoming business in
> Pennsylvania and its principal place of business is therefore 652
> Oliver Street, Williamsport, PA 17701.  *Id.* at ¶ 4.

(Pls.' Mem. at 4-5) (Doc. 24-1); (Rose Decl. ¶ 7) (Doc. 25 at 4).   This, however, is what paragraph 4 states, in toto:

> 4.  Defendant Avco Corporation a/k/a, d/b/a and/or f/k/a Textron,
> Inc., Textron, Avco Corporation, Textron Systems Corporation,
> Textron Lycoming, Textron Lycoming Reciprocating Engine
> Division, Avco Lycoming, Lycoming Engines and/or Lycoming
> (collectively "Avco") are, upon information and belief, interrelated
> entities.  **Avco is a corporation organized and existing under**
> **the laws of the State of Delaware, is registered as a foreign**
> **corporation in Pennsylvania, with its principal place of**
> **business at 201 Lowell Street, Wilmington, MA 01887.**  Upon
> information and belief, Avco conducts virtually no business
> outside its Lycoming business in Pennsylvania and its principal

- 10 -

> place of business is therefore in Pennsylvania. Avco regularly
> conducts business in the Commonwealth of Pennsylvania through
> its aircraft engine manufacturing facility and repair station located
> at 652 Oliver Street, Williamsport, PA 17701.

(Compl. ¶ 4) (Doc. 1-4 at 11) (emphasis supplied).   Although the English Plaintiffs contradict themselves elsewhere in paragraph 4 by alleging that AVCO conducts no business outside Lycoming Engines so its principal place of business is therefore in Pennsylvania, the fact remains that they affirmatively pled that AVCO's principal place of business is in Massachusetts, an inconvenient truth the English Plaintiffs neglect to mention anywhere in the Motion for Remand.

Not only that, but the English Plaintiffs identify 201 Lowell Street, Wilmington, MA 01887 as the address for AVCO in the caption of the Complaint (Doc. 1-4 at 5), the state court Civil Cover Sheet (Doc. 1-4 at 2, 3), the caption of the Motion for Remand (Doc. 23 at 1), the caption on their Memorandum of Law (Doc. 24-1 at 1), and the caption on the Rose Declaration (Doc. 25 at 1).   While the English Plaintiffs served Lycoming Engines at its plant in Williamsport (Exhibit "A"), they did not serve AVCO at that address, even though they now claim that location is AVCO's principal place of business.   Instead, they served AVCO at 201 Lowell Street, Wilmington, MA 01887 **and** by serving its registered agent in Harrisburg, Dauphin County.   (Exhibit "B").   If the English Plaintiffs had a bona fide belief that AVCO's principal place of business was in Williamsport, and not Wilmington, then the logical place to serve AVCO would be in Williamsport. The English Plaintiffs did not serve AVCO in Williamsport, however.

To file this Motion for Remand, the English Plaintiffs had to retreat from and disavow what they alleged in their pleading, verified by both of their counsel (Doc. 1-4 at 53, 54), and to ignore that they themselves not only identified 201 Lowell Street, Wilmington, MA 01887 as

AVCO's principal place of business but that they effected service of process there.  While their allegations regarding AVCO's citizenship are not dispositive, *e.g.*, *Mennen Co v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 293 (3d Cir. 1998) ("a party may not confer or defeat jurisdiction by mere pleading"), the English Plaintiffs' failure to acknowledge their contrary allegations are troubling, particularly in light of their unwavering affirmations that they alleged something else entirely.

### D.    The English Plaintiffs' Exhibits Are Not Controlling

The English Plaintiffs support the Motion for Remand with a Declaration purporting to authenticate thirty-two separate exhibits.  (Doc. 25; Doc. 25-1 to Doc. 25-34).  The majority of those exhibits are culled from the worldwide web, with additional public record filings included. (See Exhibit "D").   The exhibits supporting the Motion for Remand fall into the following general categories and/or are offered to support the following general propositions:

- AVCO is a holding company that provides no goods or services of its own (*i.e.*, Exhibits 4, 5, 6, 7, 8, 9, 10, 11, 12, 23, 26)

- AVCO does business and owns property in Pennsylvania (*i.e.*, Exhibits 3, 20, 21, 24, 25, 27, 28, 31)

- AVCO's unincorporated operating division manufactures piston aircraft engines in Pennsylvania (*i.e.*, Exhibits 12, 29, 30, 31, 32)

- AVCO's division employs people who live and work in Pennsylvania (*i.e.*, Exhibits 13, 14, 18, 19, 24, 25)

None of these general propositions are in dispute, but none of them are relevant to *Hertz*, which teaches that corporate functions, assets, or revenues are not to be weighed in applying the nerve center test.  130 S. Ct. at 1194.  Corporate functions, assets, and revenues are exactly all

that the English Plaintiffs argue.  These factors may have been relevant to the overruled *Kelly* test, but they are not relevant to the *Hertz* test.

For instance, the English Plaintiffs assert that "[t]he directors listed on AVCO's Massachusetts filing form are actually officers of Textron Systems Corp." (Pls.' Mem. at 8) (Doc. 24-1 at 8); (Rose Decl. ¶ 27) (Doc. 25 at 8).  That particular fact is irrelevant to the *Hertz* analysis.  *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 107 (4th Cir. 2011) ("the fact that [corporate officers] may also be engaged in affiliated companies' business activities is . . . of no import") (applying *Hertz*).

The English Plaintiffs likewise complain that "Avco does not even own its own claimed 'headquarters, [sic] having sold the property by quitclaim deed to Textron Systems Corporation." (Pls.' Mem. at 8) (Doc. 24-1 at 8-9); (Rose Decl. ¶ 30) (Doc. 25 at 9).  Many businesses do not own the realty in which they are headquartered – among them the seven law firms representing the various parties herein – and this argument is not germane to the *Hertz* analysis.  *See Cent. W. Va. Energy Co.*, 636 F.3d at 107 ("It is undisputed that almost all of Severstal Wheeling's own officers work out of Dearborn, Michigan, as do some of its directors. That they may do so from a building owned by Severstal Wheeling's parent company is irrelevant.")

The English Plaintiffs also rely on factoids, not facts.  The most glaring examples are where they postulate that, "[u]pon information and belief, Avco has no Annual Reports or other corporate filings" (Rose Decl. ¶ 20) (Doc. 25 at 6), and that "Avco has no Annual Reports or public corporate filings."  (Pls.' Mem. at 7) (Doc. 24-1 at 7).  AVCO is not publicly traded, as reflected by the unchecked box in one of their own exhibits (Rose Decl. Ex. 15) (Doc. 25-17), meaning that AVCO is not required to file the annual reports mandated by the Securities Exchange Act of 1934, 15 U.S.C. §§ 78m, 78o(d).  If the English Plaintiffs intended to refer to state corporate filings, AVCO does indeed file Annual Reports and other filings mandated by the

- 13 -

jurisdictions in which it does business, calling into question both the information and the belief informing these assertions.

Looking again to Plaintiffs' Exhibit 15, the AVCO CORPORATION Summary Screen from the Commonwealth of Massachusetts, the box "Does Not Require Annual Report" is not checked off. (Rose Decl. Ex. 15) (Doc. 24-17). If the English Plaintiffs had scrolled down to View Filings when they did their online search and clicked on "Annual Report," as shown at the bottom of the screen page on Exhibit 15, they would have pulled up the Public Browse and Search Filing for AVCO Corporation (Exhibit "E") and would have seen that AVCO has filed Annual Reports in Massachusetts since at least 1978, including the most recent Annual Report for 2010 (Exhibit "F"), which was filed on March 1st of this year.

And, moreover, several of the descriptions given for particular exhibits do not correspond to their actual content. Illustrative is the English Plaintiffs' characterization of their Exhibit 19, which they say supports the proposition that "Lycoming's sales managers are almost exclusively located in Williamsport, Pennsylvania, and not in Massachusetts." (Pls.' Mem. at 8) (Doc. 24-1); (Rose Decl. ¶ 28) (Doc. 25 at 8). AVCO will agree that the division has no sales managers in Massachusetts. AVCO does not agree that the division's sales managers are "almost exclusively located in Williamsport, Pennsylvania" or that the attached Lycoming Engines website page supports any such proposition. As Exhibit 19 reflects, the division has eight sales managers. (Rose Decl. Ex. 19) (Doc. 25-21). Four of them are located in Williamsport (Marolous Cebulka, Oliver Leber, Jeffrey Schans, and Shannon Gearry), two are located in Texas (Wayne V. Gierke and Oscar Rodriguez), one in Spain (Ernesto Rodriguez), and one in New Zealand (Adrian McHardy). Four out of eight is neither exclusive nor "almost" so.

Still another example is the English Plaintiffs' characterization of their Exhibit 28, which they cite in the Memorandum of Law for the proposition that "Avco has brought various lawsuits

- 14 -

in Lycoming County, Pennsylvania arising out of its 'Lycoming' business activities availing itself of the protections afforded by Pennsylvania Courts. See Exhibit 28." (Pls.' Mem. at 10) (Doc. 24-1). Exhibit 28 is not from the Court of Common Pleas of Lycoming County, Pennsylvania, but is a PACER Case Locator "All Court Types Party Search Name Avco Corporation" for a ten-year period for Pennsylvania federal courts – and not for "Massachusetts Federal Courts" as stated in paragraph 38 of the Rose Declaration. (Rose Decl. ¶ 38) (Doc. 25 at 10). AVCO is listed as a plaintiff in just seven of the sixty-three case listings.[3] Exhibit 28, then, supports the proposition that AVCO gets sued in Pennsylvania but offers nothing to the Court's inquiry as to the place where high-level corporate decisions are made.

Lastly, in arguing *ad infinitum* that AVCO does not exist other than through Lycoming Engines, the English Plaintiffs state that "[c]areer opportunities at Lycoming are offered through Textron Inc. – not Avco." (Pls.' Mem at 9) (Doc. 24-1 at 9); (Rose Decl. ¶ 35) (Doc. 25 at 10). But, that is true of all Textron Inc. subsidiaries. Career opportunities at both Bell Helicopter and

---

[3] Three of those seven lawsuits are related filings from the United States Bankruptcy Court for the Middle District of Pennsylvania. In that instance, AVCO did indeed attempt to avail itself of the protections of the Court of Common Pleas of Lycoming County by filing actions for damages and equitable relief against one the division's suppliers and related companies, but an anti-suit injunction entered in Texas prevented those lawsuits from going forward. After the Texas anti-suit injunction was dissolved on appeal, *see AVCO Corp. v. Interstate Sw., Ltd.*, 145 S.W.3d 257, 260 (Tex. App. 2004), the defendants to the Lycoming County litigation filed for bankruptcy protection in Alabama and then removed the Lycoming County lawsuits under the Bankruptcy Code. The English Plaintiffs attach the Motion to Remand or to Abstain of AVCO Corporation filed in two of those bankruptcy cases as Exhibit 29 to the Rose Declaration. (Rose Decl. Ex. 29) (Doc. 25-32).

Another of the seven lawsuits on the list is an action for declaratory relief filed by AVCO on behalf of the division in U.S. District Court in Williamsport. The English Plaintiffs proffer a declaration from a member of the Lycoming Engines management team, who is neither an Officer nor a Director of AVCO, and highlight his statement regarding the headquarters of the company, ignoring other paragraphs from his unsworn declaration that place that statement in context, *i.e.*, that the headquarters reference was to the division itself. (Compare Rose Decl. Ex. 30 ¶¶ 1, 2 with Rose Decl. Ex. 30 ¶ 15) (Doc. 25-32 at 2, 3, 5-6).

- 15 -

Cessna Aircraft Company – also Textron aerospace units – are offered the same way, through Textron Inc.'s website.  (See Exhibits "G" and "H").  Surely the English Plaintiffs would not suggest that these companies, generating billions of dollars in revenue (Rose Decl. Ex. 10 at 33, 35) (Doc. 24-10 at 33, 35), do not do have their principal places of business in Fort Worth and Wichita, respectively, because job applicants are routed to the Textron website in Providence.

The factual record made by the English Plaintiffs, and the arguments based thereon, are much ado about nothing that matters to the *Hertz* test.

**E.      AVCO's Principal Place Of Business Is In Wilmington, Massachusetts**

The United States Court of Appeals for the Fourth Circuit is the first federal appeals court to address the *Hertz* test in significant detail.  In circumstances factually similar to the record before this Court, the Fourth Circuit rejected the very arguments the English Plaintiffs make here, concluding that a corporation's principal place of business was where its high level management was located, even though the corporate officers were also officers of related companies and worked out of a building owned by those same affiliated companies.

In *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, *supra*, an energy company attempted to argue that its principal place of business was in West Virginia, destroying diversity jurisdiction.  636 F.3d at 103.  The Fourth Circuit rejected the company's arguments, finding that the chief executive officer, chief operating officer, chief financial officer, general counsel, and secretary of the company all maintained offices in Dearborn, Michigan.  *Id.* at 105.  Only the vice president and general manager maintained an office in West Virginia.  *Id.*  Of particular relevance to the matter at bar, the company produced an affidavit showing that the officers in Michigan were responsible for "significant oversight and strategic decision-making . . . but the day-to-day operations" were conducted in West Virginia.  *Id.*  The Fourth Circuit concluded that

- 16 -

these averments proved that the "direction and control" at the "heart" of the Supreme Court's *Hertz* decision was in Michigan rather than West Virginia. *Id.*

So, too, here. All of AVCO's Directors and most of the top level Officers responsible for significant oversight and strategic decision-making are in Massachusetts. The division may be the public face of AVCO, at least to members of the flying public, but direction and control of the corporation, including the division, are centralized in Wilmington, Massachusetts, which fixes that location as its principal place of business. *See Hertz Corp.*, 130 S. Ct. at 1194 ("if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York").

The English Plaintiffs nevertheless argue that outcome in this case would remain the same today under both the *Kelly* test and the *Hertz* test. (Pls.' Mem. at 16) (Doc. 24-1 at 16). The *Kelly* test focused on the *location* of "day-to-day activities" of the company and management. *Kelly*, 284 F.2d at 854. The Supreme Court explicitly rejected the Third Circuit's former "center of corporate activities" test, explaining that such a test "seems doomed to failure," as it "depend[s] upon factors that courts cannot easily measure." *Hertz Corp.*, 130 S. Ct. at 1192. Instead, the focus of the *Hertz* test is *exactly* the place where policy-making directors guide the corporation's future—the corporate "brain." *Id.* at 1193-94. AVCO's corporate brain is in Massachusetts.

Nor do the two cases upon which the English Plaintiffs rely require a contrary result. One of the cases upon which they rely as support for their arguments that AVCO is "headquartered" in Pennsylvania is an opinion following the Third Circuit's overruled *Kelly* test, *Stewart v. Precision Airmotive Corp.*, No. 07-1610, 2007 U.S. Dist. LEXIS 74194 (E.D. Pa. Oct. 3, 2007). *Stewart* followed the *former* law of the Third Circuit in defining principal place of

business prior to the Supreme Court's decision in *Hertz*. *Stewart*, 2007 U.S. Dist. LEXIS at *4-*5 (applying the center of corporate activities test). The Third Circuit's center of corporate activities test provided that the "headquarters of day-to-day corporate activity and management" determined a corporation's principal place of business. *Kelly*, 284 F.2d at 854. This test was expressly overruled by the Supreme Court in *Hertz*.

The English Plaintiffs likewise would have the Court believe that *Brewer v. Smithkline Beacham Corp.*, 774 F. Supp. 2d 721 (E.D. Pa. 2011), is analogous to the matter at bar. *Brewer*, however, presented an "atypical factual scenario" to determine the citizenship of a holding company that was the sole member of a limited liability company, whose citizenship is based upon the citizenship of its members. *Id.* at 722, 725. The limited liability company's members possessed ultimate control over the company, and in turn delegated rights and powers to manage and control the business to directors and officers. *Id.* at 728. Top-level officers who had decision-making authority granted to them by the holding company all were located in Philadelphia. The limited liability company had no office anywhere else from which direction or control could emanate. *Id.* The directors and officers who made operational and business decisions were located in Philadelphia; thus the nerve center of the company was there *Id.*

As the English Plaintiffs accurately note in their papers, *Brewer* highlights the importance of focusing on the place from where operations are directed, controlled, and coordinated. *Id.* at 729. AVCO has made that showing herein. Simply put, AVCO is the "brain" behind its Lycoming Engines division, and the Supreme Court directs courts to examine the "brain" from which direction and control emanates. *Hertz Corp.*, 130 S. Ct. at 1193. Unlike in *Brewer*, where all of the top officers made decisions from Philadelphia, none of AVCO's top-level Officers are located in Williamsport and only two of its seventeen current Officers are situate in Lycoming County. There is simply nothing analogous about the *Brewer* case.

The English Plaintiffs represent throughout that "Lycoming is the only real business AVCO engages in" (Pls.' Mem. at 3) (Doc. 24-1 at 3), "AVCO conducts virtually no business outside its Lycoming business in Pennsylvania" (Pls.' Mem. at 5) (Doc. 24-1 at 5), "the Lycoming aircraft engine business … is the only real business that AVCO engages in" (Pls.' Mem. at 11) (Doc. 24-1 at 11), and other pronouncements of that ilk.[4]   AVCO is a holding company.   What is so unusual about that?   Berkshire Hathaway owns insurance companies, retailers, manufacturers, and other businesses but it does not issue insurance policies or manufacture goods.   United Airlines is wholly owned by a holding company, which does not fly passengers but is a viable business entity.   What matters is not whether a holding company has divisions but the location of its corporate brain, which in AVCO's case, is in Massachusetts.

F.      **Removal Jurisdiction Discovery Is Unnecessary**

Defendants bear the burden of proving the existence of removal jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and that burden has been successfully shouldered here.   In the Third Circuit, the proof upon which courts most rely is a sworn affidavit indicating a corporation's place of incorporation and its principal place of business.   *See*, *e.g.*, *R.R. Constr. Co. of S. Jersey, Inc. v. A.P. Constr., Inc.*, Civ. A. No. 10-6190, 2011 U.S. Dist. LEXIS 79471, at *8 (D.N.J. July 21, 2011) (relying on an affidavit from the president and chief operating officer of a corporation to establish principal place of business); *Laufen Int'l, Inc. v. Larry J. Flint Floor & Wall Covering, Co.*, No. 2:10-cv-199, 2010 U.S. Dist. LEXIS 35049, at *9-10 (W.D. Pa. Apr. 9, 2010) (finding an affidavit sufficient to determine the nerve center of a

---

[4] The reality is that Lycoming Engines accounts for just nine percent of the total revenues reflected on AVCO's balance sheet.  (Willaman Decl. ¶ 34) (Exhibit "C").  Nonetheless, even if the English Plaintiffs somehow were correct in arguing that AVCO only does business through the division, the nerve center for the corporation is in Massachusetts, and demonstrably so.

corporation).    Indeed, the Third Circuit has made clear, post-*Hertz*, that the issue of a corporation's principal place of business properly may be resolved on affidavits.    *See Brooks-McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 219-20 (3d Cir. 2010) (upholding finding of complete diversity and explaining that the District Court was permitted to rely on the corporation's affidavit regarding its places of incorporation and principal place of business).

This is not a case where subject matter jurisdiction is in dispute.    There is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional amount.    At issue is an alleged defect in the removal procedure.    The vague, generic request for leave to conduct "jurisdictional discovery," including an inspection of premises, is out of all proportion to the issues raised by the Motion for Remand.    As the Supreme Court admonished in *Hertz*, in explaining some of the reasons for adopting the "relatively straightforward" test that it did:

> Complex jurisdictional tests complicate a case, eating up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims.    *Cf. Navarro Savings Assn. v. Lee, 446 U.S. 458, 464, n. 13, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980)*.    Complex tests produce appeals and reversals, encourage gamesmanship, and, again, diminish the likelihood that results and settlements will reflect a claims legal and factual merits.    Judicial resources too are at stake.    Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.    *Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)* (citing *Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999))*.    So courts benefit from straightforward rules under which they can readily assure themselves of their power to hear a case.    *Arbaugh, supra, at 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097*.

130 S. Ct. at 1193.

The English Plaintiffs chose to cobble together exhibits that, even when read in the light most favorable to them, establish or tend to establish that AVCO does business in Pennsylvania through its reciprocating aircraft engines division.    The English Plaintiffs paid lip service to the

actual parameters of the *Hertz* test, speculating "upon information and belief" where corporate decision-making and control is centered – but only as to the unincorporated division and not the corporation as a whole.  Having argued *Kelly*, not *Hertz*, they now invite the Court to defer the threshold issue whether the action remains in the Eastern District of Pennsylvania or is remanded to allow them unspecified discovery.  The Court is respectfully requested to resolve the issue forthwith and to decline the English Plaintiffs' request to "eat[ ] up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims." *Hertz*, 130 S. Ct. at 1193.

## IV.    CONCLUSION

The English Plaintiffs were correct when they alleged in their complaint that AVCO's principal place of business is in Massachusetts, which is where high level Officers shape corporate policy and which is the corporation's nerve center.  The Motion for Remand should be denied in all respects.

Respectfully submitted,


*/s/ James E. Robinson*
James E. Robinson (PA 77515)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2073
jrobinson@cozen.com

Attorneys for Defendants AVCO Corporation,
on behalf of its Lycoming Engines Division,
Textron Inc., and Textron Systems Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 12, 2011, a copy of the foregoing **Response of Defendants AVCO Corporation, Textron Inc., and Textron Systems Corporation to Plaintiffs' Motion for Remand** was served upon all counsel of record through the Court ECF's system.

/s/ James E. Robinson
James E. Robinson (PA 77515)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2073
jrobinson@cozen.com

Attorneys for Defendants AVCO Corporation, on behalf of its Lycoming Engines Division, Textron Inc., and Textron Systems Corporation