```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA LEWIS, et al.              :      CIVIL ACTION
                                  :
         v.                       :
                                  :
LYCOMING, et al.                  :      NO. 11-6475
```

MEMORANDUM

Bartle, J.                                            May 9, 2012

    Before the court is the motion of plaintiffs to collaterally estop defendant Avco Corporation ("Avco") from relitigating a determination as to its principal place of business for purposes of diversity jurisdiction.

    Plaintiffs Pamela Lewis, individually and as personal representative of the estate of Steven Edward Lewis, deceased, and Keith Whitehead and John Wroblewski as co-personal representatives of the estate of Philip Charles Gray, deceased, have filed this diversity action for wrongful death against eleven defendants including Avco.[1]  The claims arise out of a helicopter crash in England in 2009.

    Plaintiffs originally brought this action in the Court of Common Pleas of Philadelphia County.  The defendants removed it to this court on the ground that the action is between

---

1.  The remaining defendants are:  Lycoming, Textron, Inc., Textron Systems Corporation, Precision Airmotive LLC, Precision Airmotive Corporation, Schweizer Aircraft Corporation, Schweizer Holdings, Inc., Sikorsky Aircraft Corporation, United Technologies Corporation, and Champion Aerospace LLC.

citizens of a state and citizens or subjects of a foreign state under 28 U.S.C. § 1332(a)(2).  The complaint alleges that the plaintiffs and the decedents whose estates they represent are or were citizens of the United Kingdom.  It is undisputed that none of the defendants is a citizen of the United Kingdom or any other foreign state.  Plaintiffs then moved to remand the action to the Court of Common Pleas.  They maintain that Avco's principal place of business is in Pennsylvania under the "nerve center" test enunciated in Hertz Corp. v. Friend, 139 S. Ct. 1181 (2010), and therefore removal was improper under 28 U.S.C. § 1441(b)(2).  That statutory section reads:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The court ordered limited discovery on the issue of Avco's principal place of business, and briefing on this issue is still in progress.

Following the filing of their motion to remand and while it is still pending, plaintiffs filed the present motion to collaterally estop Avco from relitigating the determination of Pennsylvania as its principal place of business on the ground that the issue has now been decided in Agostini v. Piper Aircraft Corp., No. 11-7172, 2012 WL 646025 (E.D. Pa. Feb. 29, 2012).  In Agostini, another judge in this court recently held that Avco did not meet its burden in demonstrating that its principal place of

business was outside of Pennsylvania under Hertz Corp. and granted the motion of the plaintiffs to remand the case to state court for lack of jurisdiction.

Collateral estoppel, now generally known as issue preclusion, prevents a party from relitigating an issue that was litigated against that party in an earlier action.  See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979).  Under federal law the requirements of the doctrine are that:

> (1) the issue decided in the prior adjudication must be identical to the one presented in the later action, (2) there must be a final judgment on the merits and (3) the party against whom the doctrine is asserted must have been a party or in privity with a party to the prior adjudication and have had a full and fair opportunity to litigate the issue in question in the prior action.

Seborowski v. Pittsburgh Press Co., 188 F.3d 163, 169 (3d Cir. 1999).

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."  The question presented by this motion is whether an unappealable order to remand an action to the state court has the finality required by the second element of the issue preclusion test.

The Restatement (Second) of Judgments provides:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded [when] [t]he party against whom preclusion is sought could not, as a matter

>     of law, have obtained review of the judgment
>     in the initial action.

Restatement (Second) of Judgments § 28(1).  Although this section of the Restatement clearly advises against applying issue preclusion to unappealable orders for remand, such as the remand order in Agostini, our Court of Appeals has not had occasion to rule on this specific question.  In one line of cases, it has determined that finality for purposes of issue preclusion "does not require the entry of a judgment final in the sense of being appealable."  Burlington N. R.R. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1233 n.8 (3d Cir. 1995) (citing In re Brown, 951 F.2d 564, 569 (3d Cir. 1991) and Dyndul v. Dyndul, 620 F.2d 409, 412 n.8 (3d Cir. 1980)).[2]  It has further stated that issue preclusion instead applies "whenever an action is sufficiently firm to be accorded conclusive effect."  Id.  In Dyndul, it noted that finality "may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again."  620 F.2d at 412 n.8.  None of these cases, as noted above, involved jurisdictional issues previously litigated in a motion to remand.

---

2.  None of the parties disputes that the federal law of issue preclusion should be applied here because "federal law determines the preclusive effect of federal orders on a question of federal law."  Nutter v. Monongahela Power Co., 4 F.3d 319, 321 (4th Cir. 1993) (citations omitted). Burlington, 63 F.3d at 1233 n.8, determined the federal law of issue preclusion, although it cited In re Brown, 951 F.2d at 569, which applied New Jersey law, and Dyndul, 620 F.2d at 412 n.8, which applied the law of the Virgin Islands.

In a more recent case, our Court of Appeals followed these earlier precedents in determining that a state jury's damages verdict in a bifurcated trial had the requisite finality for issue preclusion where the case was settled before a liability determination.  While not before it for decision, the court specifically noted in a footnote that "some courts have applied section 28(1) [of the Restatement (Second) of Judgments] to '[a] District Court's jurisdictional findings incident to remand' because remand orders are wholly unappealable as a matter of law under 28 U.S.C. § 1447(d)."  See Greenleaf v. Garlock, Inc., 174 F.3d 352, 361 n.6 (3d Cir. 1999) (citing Nutter v. Monongahela Power Co., 4 F.3d 319, 322 (4th Cir. 1993); Southern Leasing Corp. v. Tufts, 804 P.2d 1321, 1323 (Ariz. Ct. App. 1991)).

Other circuits have reached the same conclusion.  See, e.g., Health Cost Controls, Inc. v. Washington, 187 F.3d 703, 708-09 (7th Cir. 1999); Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 395 (5th Cir. 1998).  We agree with those decisions and § 28(1) of the Restatement (Second) of Judgments that a remand order does not have the requisite finality for issue preclusion to apply.

Finally, there is an additional reason why issue preclusion is inappropriate in the type of situation now before the court.  The location of a corporation's principal place of business, that is, its nerve center, may change over time.  For

diversity purposes, we must determine the principal place of business of a corporation at the time the complaint is filed. S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 414 n.2 (3d Cir. 1999).  Simply because a company's principal place of business may have been in a particular state when an earlier action was instituted does not necessarily mean it remained in that state when the complaint in a later case is filed.

Accordingly, we will deny the motion of the plaintiffs to collaterally estop Avco from relitigating the determination of Pennsylvania as its principal place of business.