IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA LEWIS, et al.            :        CIVIL ACTION
                                :
          v.                    :
                                :
LYCOMING, et al.                :        NO. 11-6475

MEMORANDUM

Bartle, J.                                      June 27, 2012

          Plaintiffs Pamela Lewis, individually and as personal
representative of the estate of Steven Edward Lewis, deceased,
and Keith Whitehead and John Wroblewski as co-personal
representatives of the estate of Philip Charles Gray, deceased,
bring this diversity action for wrongful death arising out of a
helicopter crash near Liverpool, England.  The eleven defendants
include "Lycoming,"[1] Avco Corporation ("Avco"), Textron, Inc.
("Textron"), and Textron Systems Corporation ("TSC").[2]  Before
the court is the motion of plaintiffs to remand this case to the
Court of Common Pleas of Philadelphia County.

I.

          Plaintiffs originally filed this action in the Court of
Common Pleas of Philadelphia County.  The defendants removed it

_____

1.  The plaintiffs sued "Lycoming" as a separate entity.  The
record establishes that it is an unincorporated division of Avco
Corporation with the full name, "Lycoming Engines Division."

2.  The remaining defendants are:  Precision Airmotive LLC,
Precision Airmotive Corporation, Schweizer Aircraft Corporation,
Schweizer Holdings, Inc., Sikorsky Aircraft Corporation, United
Technologies Corporation, and Champion Aerospace LLC.

to this court pursuant to 28 U.S.C. § 1441(a) on the ground of diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a)(2).  The complaint alleges that the plaintiffs are and the decedents whose estates plaintiffs represent were citizens of the United Kingdom.  It is undisputed that none of the defendants is a citizen of the United Kingdom or any other foreign state.

Plaintiffs have now moved to remand the action to the Court of Common Pleas.  Under § 1332(c), a corporation is deemed a citizen of its state of incorporation as well as the state where it has its principal place of business.  While Avco's state of incorporation is Delaware, plaintiffs maintain that its principal place of business is in Pennsylvania under the "nerve center" test enunciated by the Supreme Court in Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010).  Under 28 U.S.C. § 1441(b)(2), removal from the state court of a diversity action is barred if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[3]  This court allowed discovery limited to the issue of Avco's principal place of business.[4]

---

3.  Title 28 U.S.C. § 1441 has been amended, effective January 6, 2012, for actions commenced after that date.  This specific language has not changed.

4.  While briefing on the propriety of removal was pending, the plaintiffs filed a motion to collaterally estop Avco from relitigating a determination as to its principal place of business because a similar issue had recently been decided by another judge in this court.  We denied that motion.  See Lewis (continued...)

The corporate tree of which Avco is a part is somewhat complex.  Avco is a corporation whose sole shareholder is Textron.  Textron has various subsidiaries and affiliates, including Avco.  Avco is a holding company primarily in the business of manufacturing products for the United States Government and commercial customers, including military vehicles, weapons, electronic surveillance, and aircraft engines.  It has various subsidiaries, including TSC.  Avco also has seven Operating Units, including Lycoming Engines Division, which plaintiffs call Lycoming.[5]  The manufacturing facility of Lycoming Engines Division ("Lycoming") is located in Williamsport, Pennsylvania.

Avco has three members of its Board of Directors, W. Robert Kemp ("Kemp"), Frederick M. Strader ("Strader"), and Robert J. Sullivan ("Sullivan").  All three are located in Wilmington, Massachusetts.  Avco's financial books and records are housed in a building at 201 Lowell Street in Wilmington, Massachusetts, which is owned by TSC.  Signs in front of and on the building say "Textron Systems."  Within this building is an 8'x8' office which is claimed to be Avco's headquarters.  There

4.(...continued)
v. Lycoming, No. 11-6475, 2012 U.S. Dist. LEXIS 64986 (E.D. Pa. May 9, 2012).

5.  The other Operating Units are AAI Logistics & Technical Services Division, AAI Test and Training Division, AAI Unmanned Aircraft Systems Division, Textron Defense Systems, Textron Marine & Land Systems Division, and Textron Systems Advanced Systems Division.

are labels next to the door of this office which indicate that
Avco is located there.  Avco has no dedicated phone line or web
site.

Eighteen officers were elected at the most recent
meeting of Avco's Board of Directors, which lasted five minutes
and was held in Strader's office in Wilmington, Massachusetts on
May 10, 2011.  This meeting was the only in-person Board of
Directors meeting of Avco.  Kemp, Strader, and Sullivan attended
this meeting.  One of the officers elected at this meeting has
since resigned, leaving seventeen Avco officers.  Eight of these
officers are located in Wilmington, Massachusetts including:  the
President and Chief Executive Officer; the Executive Vice
President and Chief Strategy Officer; the Senior Vice President,
Treasurer, and Chief Financial Officer; and the Vice President
and Secretary.  In addition, three officers are located in Rhode
Island, two in Maryland, one in Texas, and one in the District of
Columbia.  The final two officers, Michael Kraft and David Dawes,
are located in Williamsport, Pennsylvania.  All of the officers
of Avco also hold positions at other affiliated companies,
including at TSC and Textron and within the Lycoming division.
Lycoming has eight sales managers.  Four are in Williamsport,
Pennsylvania, while two are in Texas, one in Spain, and one in
New Zealand.  None is in Massachusetts.

In addition to electing officers at the May 10, 2011
meeting of the Avco Board of Directors, the Board passed a
resolution regarding the "Designation of Authorized Signatories

-4-

for Lycoming Engines."  It authorized the President or any Vice
President of Avco together with the Secretary or any Assistant
Secretary of Avco to designate certain employees of Lycoming as:

> named "officers" or authorized signatories of the
> Lycoming Engines Division and who shall be
> authorized and empowered, severally or jointly
> depending upon the terms of the designation, and
> <u>subject to all conditions thereby imposed and</u>
> <u>applicable Corporation policies and procedures</u>,
> including, but not limited to, obtaining all
> necessary approvals and appropriate legal review,
> to sign, seal with the corporate seal, and execute
> and deliver in the name and on behalf of the
> Corporation with respect to the Lycoming Engines
> Division, contracts, agreements, purchase orders,
> bids, bonds, applications, reports, certificates,
> affidavits or other documents or instruments
> relative to or in connection with any work,
> property, purchase, contract, service or
> production of any kind which may be directly or
> indirectly carried on or performed by the Lycoming
> Engines Division of the Corporation....[6]

(emphasis added.)

Strader is the President and Chief Executive Officer of
Avco.  He maintains an office at 201 Lowell Street, Wilmington,
Massachusetts.  Strader meets weekly, in person or by telephone,
with the senior leadership from each of Avco's businesses,
including Lycoming.  He also reviews and approves monthly
financial reports and strategic plans for each of Avco's
businesses, including Lycoming, which are denominated President's
Business Reviews ("PBR").

The general manager of each of Avco's operating units,
including the general manager of Lycoming, submits a Strategic

---

6.  This resolution is part of the minutes of the Annual Meeting
of the Board of Directors of Avco Corporation.

-5-

Business Review ("SBR") to Strader each year.  The SBRs include an assessment of the relevant industry, competitors, and strategic objectives of each operating unit, including Lycoming, over a five-year horizon.  Strader reviews and approves these SBRs as well as Management Asset Plans ("MAP") for each of the operating units, including Lycoming, which cover personnel development succession planning, and executive compensation.  He prepares performance evaluations for some employees and makes recommendations with regard to advancement, salary, and bonus for these employees.  His duties include interviews of candidates for senior management positions with Avco's businesses and performance of marketing and sales activities on behalf of Avco. He further approves certain contracts and performs other activities relating to the normal operation and management of Avco's businesses.

Further, under the "Textron Systems Operational Delegation of Authority Matrix" for Lycoming, Strader's approval is expressly required for all cooperative business arrangements, all capital expenditures, any business operations restructuring, any acquisition or divestiture of business, all engagements of consultants to do business with the United States government, all appointments of sales agents and representatives, all press releases and communications, all collective bargaining agreements, and all reductions in force.  All of these activities conducted by Strader occur in Massachusetts.

Sullivan is the Senior Vice President, Treasurer, and Chief Financial Officer of Avco.  Like Strader, Sullivan is also located in Wilmington, Massachusetts.  Strader and Sullivan together review and approve an Annual Operating Plan for each of the Avco operating units, including Lycoming.  Strader and Sullivan annually review and approve a Long Range Plan ("LRP") submitted by the financial controller of each operating unit, including Lycoming.  The LRPs are the financial components of the SBRs.  David Dawes, Lycoming's Director of Finance in Williamsport, submits the Lycoming LRP to Strader and Sullivan.  Dawes is also an Assistant Secretary of Avco.  He reports directly to Sullivan.

Michael J. Kraft ("Kraft") is designated the Senior Vice President and General Manager of Lycoming.  While he is also an Assistant Secretary of Avco, he is located in Lycoming's offices in Williamsport, Pennsylvania.  Kraft reports directly to Strader.  Kraft also meets weekly with Strader, either in person in Wilmington, Massachusetts or by video conference or teleconference.  Kraft prepares the monthly PBRs and the annual SBRs for Strader's review and approval.  He executes transactions and business activities that have already been authorized by Strader.  He does not have authority to expend funds which Strader has not previously approved.

Strader and Sullivan are officers and directors of TSC in addition to being officers and directors of Avco.  Strader is the President, Chief Executive Officer, and a director of TSC,

and Sullivan is the Treasurer and a director of TSC.  When
Strader and Sullivan approve Lycoming's activities, they
sometimes do so in their capacity as TSC officers and directors,
rather than in their capacity as Avco officers and directors.
For example, when they approved an allocation of funds from a
grant from the Commonwealth of Pennsylvania, they did so in their
capacity as "Sr. VP & CFO, TSC" and "President & CEO, TSC."
Similarly, when Lycoming submits to Strader its monthly business
presentation, called the President's Business Review, it is on
either a "Textron Systems" or a "Textron Systems Corporation"
template.

       In 2009, "Lycoming Engines, a division of Avco
Corporation, a wholly-owned subsidiary of Textron, Inc." applied
for funding for capital projects from the Commonwealth of
Pennsylvania.  The application was submitted by the Lycoming
County Industrial Development Authority, with "Lycoming Engines,
a division of Avco Corporation, a wholly owned subsidiary of
Textron, Inc." as the sub-applicant.  In the application for the
funding, the sub-applicant identified the directors of Avco, all
with addresses at 201 Lowell Street, Wilmington, Massachusetts.
It also identified the officers of Avco, with their addresses.
Five of the officers were listed with addresses in Rhode Island,
four with addresses in Massachusetts, two with addresses in
Pennsylvania, and one with an address in Texas.  The application
also provided "a listing of the Lycoming Engines Leadership Team,
responsible for the operations and administration of the Lycoming

-8-

Engines facility in Williamsport, Pa."  This listing included fifteen members of the leadership team.  The address of only one is identified and that is Williamsport.

The plaintiffs produced to the court various agreements between "Lycoming Engines Division of Avco Corporation," the Lycoming County Industrial Authority, and Lycoming County, where Williamsport is located and where Lycoming has its manufacturing facility.  These agreements provided for cooperation between "Lycoming Engines Division of Avco Corporation," Lycoming County, and the Lycoming County Industrial Authority on the application to the Commonwealth of Pennsylvania for funding through the Redevelopment Assistance Capital Program.  The signatures of the individuals signing the agreements for "Lycoming Engines Division of Avco Corporation" are illegible.  The agreements state that the entity has "a principal place of business in Williamsport, Pennsylvania."  These agreements are dated April 28, 2009 and August 20, 2009 respectively, and an "Amendment to Agreement" containing the same language regarding a principal place of business of the entity is dated December 22, 2011.

II.

Defendants, which have removed this action from the state court, are the parties that bear the burden of establishing that they have complied with all substantive and procedural removal requirements.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  The federal statutes regarding removal are construed strictly in favor of

-9-

remand.  Id.  The district court must remand if there is either a
lack of subject matter jurisdiction or a defect in the removal
process.  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir.
1993).  Here, subject matter jurisdiction is not contested, as
the plaintiffs are citizens of a foreign state and the defendants
are all citizens of the United States.  However, as noted above,
the plaintiffs argue that there is a statutory bar to removal
under 28 U.S.C. § 1441(b)(2) because one of the defendants, Avco,
is a citizen of the state where the action was brought, that is,
because its principal place of business is in Pennsylvania.

        "[A] corporation's unincorporated division is not an
independent entity for diversity purposes."  Bruesewitz v. Wyeth
Corp., No. 05-5994, 2006 U.S. Dist. LEXIS 13206, at *9 (E.D. Pa.
Mar. 27, 2006).  A subsidiary corporation, if incorporated as a
separate entity, has its own principal place of business.  Id.
(citing Quaker State Dyeing & Finishing Co., Inc., v. ITT
Terryphone Corp., 461 F.2d 1140 (3d Cir. 1972)).  However, an
unincorporated division is different from a subsidiary
corporation and "has the same citizenship of the corporation of
which it is a part."  Id. (citations omitted).  Accordingly,
Lycoming's citizenship is the citizenship of Avco.

        The critical issue before us is whether Avco has met
its burden of proof to establish that its principal place of
business is in a state other than Pennsylvania.  To answer this
question, we must decide whether Avco has shown that its "nerve
center," as defined by the Supreme Court in Hertz Corp. v.

<u>Friend</u>, 130 S. Ct. 1181 (2010), is in Wilmington, Massachusetts, rather than in Williamsport, Pennsylvania.

In <u>Hertz v. Friend</u>, the Supreme Court decided on the meaning of a corporation's "principal place of business" for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c).  Up to that point in time the various circuits had provided different answers and methods for making that determination.

The Supreme Court held:

> "principal place of business" is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."

130 S. Ct. at 1192.  The Court explained that a corporation's principal place of business is "the actual center of direction, control, and coordination, i.e., the 'nerve center' and not simply an office where it holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."  <u>Id.</u>

The Court recognized that anomalies might arise under the nerve center test.  For example, if the bulk of a company's activities which are visible to the public take place in New Jersey but the top officers run the business from New York, the company's principal place of business, for diversity purposes, is in New York.  Nonetheless, the Court reasoned that the nerve center test had the advantage of being a clear rule, designed to

avoid "overly complex jurisdictional administration."  Id. at 1194.

It is evident at the outset that the public persona of Avco, to the extent it exists, is in Williamsport, Pennsylvania where Lycoming is located.  It is there that it manufactures airplane engines and nowhere else.  Two Avco officers are on the scene who oversee the operations at the site.  In contrast, Avco's visibility to the public in Massachusetts is virtually non-existent.

Although Avco's public face is in Pennsylvania, the record reflects that the top officers of Avco are situated in Wilmington, Massachusetts.  All major decisions involving the business are made or approved there.  From his office in Massachusetts Strader reviews and approves Lycoming's monthly financial reports and strategic plans, reviews and approves Lycoming's annual strategic assessments and objectives, and reviews and approves Lycoming's annual personnel plans.  Strader prepares performance evaluations for high level employees of Lycoming, and interviews candidates for senior management positions at Lycoming.  His approval is expressly required for all cooperative business arrangements, all capital expenditures, any business operations restructuring, any acquisition or divestiture of business, all engagements of consultants to do business with the United States government, all appointments of sales agents and representatives, all press releases and

-12-

communications, all collective bargaining agreements, and all reductions in force.

Under the facts presented, the nerve center of Avco and thus Lycoming is in Massachusetts. See Central West Virginia Energy Co., Inc. v. Mountain State Carbon LLC, 636 F.3d 101 (4th Cir. 2011). As the Supreme Court cautioned in Hertz v. Friend, simply because it may appear to the public that the business of Avco or Lycoming is centered in Pennsylvania is not controlling. The nerve center test, the Court acknowledged, sometimes produces a counterintuitive result. 130 S. Ct. at 1194.

Plaintiffs argue that removal is improper because Avco's top officers, who are also officers of affiliated companies such as Textron, often made decisions for Avco or Lycoming using titles or stationery of companies other than Avco. Indeed, Strader and Sullivan take on multiple roles within the affiliated companies that include Textron, Inc., TSC, Avco, and Lycoming. However, the plaintiffs do not dispute that Strader and Sullivan control and direct the activities of Avco. Accordingly, their location is the location of the "nerve center." Even assuming Strader and Sullivan sometimes disregarded corporate formalities and were acting or appeared to be acting as officers of Textron or TSC when they made the various decisions impacting Avco, it is of no moment here, since the decisions were all made in Massachusetts and not in Pennsylvania.

In support of its motion to remand, plaintiffs also rely on the language in the agreements between "Lycoming Engines Division of Avco Corporation," Lycoming County, and the Lycoming County Industrial Development Authority that "Lycoming Engines Division of Avco Corporation" had "a principal place of business in Williamsport, Pennsylvania."  (emphasis added). Significantly, the word formulation found in 28 U.S.C. § 1332(c), "its principal place of business," is not used.  (emphasis added).  Under § 1332(c), for purposes of diversity jurisdiction, a corporation has only one principal place of business.  Hertz v. Friend, 130 S. Ct. at 1185-86.  The agreements on which plaintiffs rely imply more than one.  In addition, two of the three agreements were signed before the Supreme Court handed down Hertz v. Friend, which decided on the proper interpretation of the phrase "its principal place of business."  At least with respect to them, we cannot attribute to Avco a definition the Supreme Court had not yet articulated.  Furthermore, the Supreme Court in Hertz v. Friend rejected the argument that the mere filing of a document, for example, a filing with the SEC stating the location of a company's principal officers, is sufficient without more to establish a corporation's principal place of business.  Accordingly, the wording of Avco's agreements with the Lycoming Industrial Development Corporation is not helpful to the plaintiffs.

Plaintiff cites Agostini v. Piper Aircraft Corp., No. 11-7172, 2012 WL 646025 (E.D. Pa. Feb. 29, 2012).  There, another

-14-

judge of this court held that Avco had not proven that its principal place of business was not in Pennsylvania and ordered the case remanded to the state court.  It appears that the evidence produced by Avco in that case was much more limited than what the record shows here.  Based on what is before us, we reach a different conclusion.

In summary, Avco has proven that its nerve center, and thus its principal place of business, is in Wilmington, Massachusetts.  Complete diversity of citizenship exists and no defendant is a citizen of the Commonwealth of Pennsylvania.  The required amount in controversy has been satisfied.  Removal of the action to this court was proper under 28 U.S.C. § 1441(a) and is not barred under 28 U.S.C. § 1441(b)(2).

The motion of plaintiffs to remand this action to the Court of Common Pleas of Philadelphia County will be denied.

-15-