IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PAMELA LEWIS, et al. | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| LYCOMING, et al. | : | NO. 11-6475 |

MEMORANDUM

Bartle, J.                                                           May 1, 2013

      Before the court is the motion of the plaintiffs for voluntary dismissal of Precision Airmotive Corporation and Precision Airmotive LLC (together, the "Precision defendants") under Rule 41(a)(2) of the Federal Rules of Civil Procedure. While the Precision defendants have joined in the plaintiffs' motion, the remaining defendants, Avco Corporation, Lycoming Engines, Textron Systems Corporation, Textron, Inc., Schweizer Aircraft Corporation, Schweizer Holdings, Inc., Sikorsky Aircraft Corporation, United Technologies Corporation, and Champion Aerospace LLC (collectively, the "non-Precision defendants"), are opposed. Since answers have been filed, any dismissal requires court approval.

      The plaintiffs are Pamela Lewis, individually and as personal representative of the estate of Steven Edward Lewis, deceased, and Keith Whitehead and John Wroblewski as co-personal representatives of the estate of Philip Charles Gray, deceased. The decedents, British subjects and residents of the United Kingdom, were killed in a helicopter crash on September 22, 2009

near Blackpool in Lancashire, England.  All of the defendants allegedly played some role in either the design, manufacture, assembly or sale in the United States of the helicopter or its parts.[1]  The complaint contains claims for damages on theories of product liability, negligence, breach of warranty, and concert of action.

The lawsuit was originally commenced in the Court of Common Pleas of Philadelphia County.  Defendants removed it to this court, which thereafter denied the motion of the plaintiffs to remand.  See Lewis v. Lycoming, No. 11-6475, 2012 U.S. Dist. LEXIS 88905 (E.D. Pa. June 27, 2012).  Defendants later moved to dismiss on the ground of forum non conveniens.  While the motion to dismiss on the ground of forum non conveniens was pending, the Precision defendants filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Western District of Washington.  This filing automatically stayed the instant litigation against the Precision Defendants.  See 11 U.S.C. § 362(a).  We thereafter entered an order denying the motion to dismiss as to all the defendants except the Precision Defendants.  As to them, we held our decision in abeyance pending the automatic stay.  See Lewis v. Lycoming, No. 11-6475, 2013 U.S. Dist. LEXIS 3845 (E.D. Pa. Jan. 10, 2013).

The Precision defendants allegedly manufactured the fuel injector servo in the helicopter that crashed.  Plaintiffs

---

1.  Some defendants are alleged to be alter egos of other defendants.

aver that this component caused or contributed to the loss of power that resulted in the crash.  Plaintiffs are the only parties in this action who have asserted claims against the Precision defendants.  No cross-claims have been filed.  Nor has any party moved to lift the stay in the bankruptcy court.

Immediately after the motion to dismiss on the ground of forum non conveniens was denied, the Precision defendants informed all parties that it would object to any inspection of the helicopter wreckage, then located in Delaware, as a violation of the automatic stay and would attempt to prevent any such inspection from going forward.  Subsequently, plaintiffs reached an agreement with the Precision defendants to dismiss them voluntarily from the case, and in return the Precision defendants would withdraw their objections to the inspection of the aircraft wreckage.  At oral argument on this motion, the parties explained to the court that some inspection and testing of the helicopter and its component parts have already occurred.  The non-Precision defendants and their experts were present.

The non-Precision defendants, as noted above, object to the dismissal of the Precision defendants.  Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, plaintiffs may move the court for the voluntary dismissal of any party "on terms that the court considers proper."  Our Court of Appeals has characterized its attitude toward voluntary dismissals under Rule 41(a)(2) as "a liberal policy" and has held that "Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than

the mere prospect of a second lawsuit.'" In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. Pa. 1990) (quoting 5 J. Moore, Moore's Federal Practice para. 41.05[1], at 41-62 (1988)).

Motions filed pursuant to Rule 41(a)(2) should be granted unless dismissal would cause substantial prejudice to the defendant. Young v. Johnson & Johnson Corp., No. 05-2393, 2005 U.S. Dist. LEXIS 26232 (E.D. Pa. Nov. 2, 2005) (citing Miller v. Trans World Airlines, Inc., 103 F.R.D. 20, 21 (E.D. Pa. 1984)). To determine whether any prejudice is substantial, courts have considered the following factors: "(1) whether the expense of a second litigation would be excessive and duplicative; (2) how much effort and expense has been expended by the defendant in preparing for the current trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in [filing] the motion to dismiss; and (5) whether the attempt at dismissal is designed to evade federal jurisdiction and frustrate the purpose of the removal statue." Peltz v. Sears, Roebuck & Co., 367 F. Supp. 2d 711, 715 (E.D. Pa. Mar. 8, 2005) (citing Total Containment, Inc. v. Aveda Mfg. Corp., 1990 U.S. Dist. LEXIS 16637, 1990 WL 290146, at *2 (E.D. Pa. Dec. 7, 1990)).

Before we address these factors, we must consider the non-Precision defendants' contention that dismissing the Precision defendants at this juncture would be a violation of the automatic stay. Although we noted in our prior decision on the motion of the defendants to dismiss on the ground of forum non conveniens that we would not decide the motion as to the

Precision defendants but rather hold the motion in abeyance pending the stay, the situation here is quite different. See Lewis v. Lycoming, No. 11-6475, 2013 U.S. Dist. LEXIS 3845 (E.D. Pa. Jan. 10, 2013). We are now faced with a motion for voluntary dismissal, to which the Precision defendants and the plaintiffs agree. At the time of our forum non conveniens decision as well as in Pope v. Manville Forest Products Corp., which we cited, the plaintiff opposed the dismissal of the defendant in bankruptcy. 778 F.2d 238, 239 (5th Cir. 1985).

The Fifth Circuit in Pope concluded that it was an error for a district court to dismiss a plaintiff's pending Title VII action in a case where the defendant had subsequently filed for bankruptcy, the bankruptcy court had entered a stay, and the bankruptcy court had then heard the matter and granted the plaintiff no damages. Id. The Court of Appeals noted:

> [A]bsent the bankruptcy court's lift of the stay, _or perhaps a stipulation of dismissal_, a case such as the one before us must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding. In making these observations, we expressly do not decide any case except the one before us; we do not wish unnecessarily, or with technicality, to impede the district court in maintaining a current docket. We simply hold that the entry of the particular order of dismissal in the appeal before us was prohibited by the section 362 stay.

Id. (emphasis added). Pope was later interpreted narrowly in Arnold v. Garlock, 288 F.3d 234, 236-37 (5th Cir. 2002). In Garlock, the Fifth Circuit, distinguishing Pope, allowed a

-5-

plaintiff to dismiss voluntarily a claim under Rule 41(a) where the defendant was in bankruptcy. Id. at 236. The current circumstances are similar to Garlock since the plaintiffs agree to dismiss voluntarily the Precision defendants.

Furthermore, in Zelaskowski v. Johns-Manville Corp., a court within our circuit, permitted the plaintiff to file an amended complaint which deleted a defendant subject to an automatic stay resulting from its bankruptcy proceeding. 578 F. Supp. 11, 17 (D.N.J. 1983). The court reasoned that the dismissal would "not contravene the purpose of the stay provision." Id. In the present situation we do not view the automatic stay as precluding this court from dismissing the Precision defendants if we find that the non-Precision defendants would not be substantially prejudiced by the dismissal. See id. at 236-37.

The non-Precision defendants contend that they will be substantially prejudiced if the Precision defendants are dismissed because the Precision defendants, as alleged joint tortfeasors, are necessary parties to this case. Many, if not all, of the claims allege a defect in the fuel injector servo, which the Precision defendants manufactured and designed. The non-Precision defendants also argue that as a result they will be prejudiced if the Precision defendants are not on the verdict sheet at trial.

These arguments fail because a joint tortfeasor is never an indispensable or necessary party under Rule 19 of the

-6-

Federal Rules of Civil Procedure.  See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990).  Moreover, the plaintiffs are not settling with the Precision defendants for any sum of money but rather are dismissing those defendants entirely from the action.  Accordingly, this situation is the same as if the plaintiffs had chosen not to sue the Precision defendants originally -- a decision which they would have been free to make.  The absence of the Precision defendants on the verdict sheet at trial is no different from the verdict sheet in any other similar situation where a joint tortfeasor or other potentially liable party is not sued.

Significantly, the non-Precision defendants did not file any crossclaims against the Precision defendants in the approximately fourteen months between the service of the complaint and the entry of the automatic stay.  Now that the automatic stay has been entered, defendants are prevented from doing so outside the bankruptcy proceeding, even if the court did not dismiss the Precision defendants from this action.

The non-Precision defendants also argue that they would be prejudiced by the dismissal of the Precision defendants because they will not be able to rely on evidence at the disposal of the Precision defendants, such as documents involving the design and manufacture of the fuel injector servo.  We disagree.  Just as with any other non-party, the non-Precision defendants may seek discovery from the Precision defendants if they are dismissed from this action through Rule 45 of the Federal Rules

of Civil Procedure.  A bankruptcy appellate panel in the Ninth Circuit, where the bankruptcy proceeding of the Precision defendants is ongoing, has held that automatic stay under § 362(a) does not protect a non-party debtor from complying with discovery requests, "even where that information could eventually adversely affect the [d]ebtor."  In re Miller, 262 B.R. 499, 505 (B.A.P. 9th Cir. 2001).  That is the situation here since the Precision defendants may eventually be sued for contribution or indemnification.

The non-Precision defendants also maintain that proceeding with the inspection of the helicopter if Precision is dismissed would prejudice any eventual claims against the Precision defendants for contribution and indemnification because the Precision defendants could move for sanctions for spoliation of the components designed and manufactured by the Precision defendants.  This argument has no merit.  Counsel for the Precision defendants have explicitly stated that they do not object to the inspection and testing going forward if the Precision defendants are dismissed from the action.

In sum, voluntary dismissals under Rule 41(a)(2) are subject to "a liberal policy" in our circuit and should be allowed absent substantial prejudice to the remaining defendants. Substantial prejudice would not occur in this case, and we will accordingly grant the motion of the plaintiffs, joined by the Precision defendants, for voluntary dismissal of the Precision defendants under Rule 41(a)(2).