IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA LEWIS, et al.              :          CIVIL ACTION
                                  :
          v.                      :
                                  :
LYCOMING, et al.                  :          NO. 11-6475

MEMORANDUM

Bartle, J.                                    December 22, 2014

          Pamela Margaret Lewis, individually and as personal
representative of the estate of Steven Edward Lewis, and Keith
Whitehead and John Joseph Wroblewski as co-personal representatives
of the estate of Philip Charles Gray (collectively "plaintiffs")
have brought this diversity action against defendants Avco
Corporation and Lycoming Engines (collectively "Avco") as well as
against Schweizer Aircraft Corporation.[1]  The lawsuit arises out of
a helicopter crash that occurred on September 22, 2009 near
Blackpool in Lancashire, England.  Lewis and Gray were both killed
in the incident.  The complaint, which was originally filed in the
Court of Common Pleas of Philadelphia County and removed here,
contains claims for damages on theories of product liability,
negligence, breach of warranty, and concert of action.

          Before the court is the motion of Avco for the application
of English law to the issue of damages.  Plaintiffs have opposed

---

[1] Plaintiffs additionally brought suit against Textron, Inc.,
Textron Systems Corporation, Precision Airmotive LLC, Precision
Airmotive Corporation, Schweizer Holdings, Inc., Sikorsky
Aircraft Corporation, United Technologies Corporation, and
Champion Aerospace LLC.  These defendants have been dismissed.

this motion and filed a cross-motion for the application of the
damages law of Pennsylvania.

I.

The relevant facts are undisputed for present purposes.
On September 22, 2009, Gray participated in a training flight as a
student of Lewis, a certified flight instructor.  These individuals
as well as the plaintiffs in this action are or were British
citizens and residents of the United Kingdom.  During the flight
Lewis issued a mayday call over the radio, which transmission
included the word, "failure."  A low-R.P.M. warning tone could be
heard in the final radio transmission, indicating that the
helicopter's main rotor blade had ceased to rotate at a safe speed.
Not long after this final transmission, the aircraft was discovered
wrecked in a grassy field near the River Wyre north of the Blackpool
Airport from which the aircraft had taken off.  Both occupants died.

The helicopter at issue, registration number G-LINX, was a
Schweizer 269C manufactured in 2006 by Schweizer Aircraft
Corporation in New York and owned by Heli-Lynx, Ltd., a company
located in Cumbria, England.  Lycoming Engines, which is located in
Williamsport, Pennsylvania, designed, manufactured, and sold the
HIO-360-G1A piston-driven engine that was installed in the aircraft.
The engine was a fuel-injected model supplied by a Precision RSA-
5AD1 fuel servo.  Lycoming Engines closely coordinated with the

-2-

servo manufacturer in the design, testing, and modification of the servo.  Plaintiffs have asserted that the servo was defective, and its design and functioning have become a principal issue in this litigation.

## II.

In diversity actions such as this, courts look to the choice of law rules of the forum state, in this case Pennsylvania, to determine which state's substantive law to apply.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (U.S. 1941).  Pennsylvania follows "a flexible rule which permits analysis of the policies and interests underlying the particular issue before the court and directs courts to apply the law of the state with the most interest in the problem."  Specialty Surfaces Int'l, Inc. v. Cont'l Cas. Co., 609 F.3d 223, 229 (3d Cir. 2010) (quotation marks omitted) (quoting Hammersmith v. TIG Ins. Co., 480 F.3d 220, 227 (3d Cir. 2007)).

The first step in a choice of law analysis in Pennsylvania is to determine whether there is indeed any relevant difference between the laws in question.  When there is no "actual" conflict, no further choice of law analysis is necessary.  Hammersmith, 480 F.3d at 230.  However, if the court determines that such a conflict does exist, it must sift through the governmental policies underlying the laws in order to classify the conflict as "true," "false," or an "unprovided-for case."  Id.

-3-

A true conflict exists when the interests of each jurisdiction would be harmed if the court were to apply the law of the other.  Id.  A true conflict necessitates a deeper determination of "which state has the 'greater interest in the application of its law'" through a combination of a significant contacts analysis under the Restatement (Second) of Conflict of Laws and a qualitative appraisal of the relevant states' policies.  Id. at 231 (quoting Cipolla v. Shaposka, 267 A.2d 854, 856 (Pa. 1970)).  In contrast, a false conflict exists when "only one jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law."  Lacey v. Cessna Aircraft Co., 932 F.2d 170, 187 (3d Cir. 1991).  In a false conflict situation, the court must apply the law of the jurisdiction whose interests would otherwise be impaired.  Id.  Finally, in an "unprovided-for case," which exists when neither jurisdiction has any interest at stake in the litigation, the law of the place of the wrong applies.  Budget Rent-A-Car Sys., Inc. v. Chappell, 407 F.3d 166, 170 (3d Cir. 2005).

With these principles in mind, we begin by comparing the damages law of Pennsylvania and that of England to ascertain whether there is any actual conflict between them.  Pennsylvania affords a broad array of recoverable damages for a decedent's estate and the decedent's survivors.  A survivor may bring a wrongful death action to seek recompense for lost financial support and for hospital,

-4-

nursing, medical, and funeral expenses.  42 Pa. Cons. Stat. Ann.
§ 8301.  In addition, the decedent's estate may recover any damages
that otherwise would have been available to the decedent, including
damages for loss of earning power over the course of the decedent's
life expectancy, for conscious pain and suffering, and for lost
wages between the date of injury and the date of death.  Id. § 8302;
see also Kiser v. Schulte, 648 A.2d 1, 4 (Pa. 1994).

     In England the potential recovery is more limited.  In
that country, dependents of the deceased may recover a fixed level
of damages for "bereavement," for loss of financial support, and
funeral expenses.[2]  The decedent's estate, however, cannot recover
lost earnings after the person's death as it might in Pennsylvania,
which results in a significantly lower range of possible recovery.
Because England allows a narrower scope of recoverable damages in an
action such as this, actual conflicts exist between England's law
and that of Pennsylvania.

     We must therefore examine the governmental interests at
stake to determine whether the conflict is true, false, or an
unprovided-for case.  Pennsylvania has at least two interests in the
application of its damages law.  See Arcila v. Christopher

---

[2]   Damages for financial support are determined using a fixed
"multiplier method" in which an annual net loss will be
determined and then multiplied by the number of years the
dependent would have enjoyed those benefits had the death not
occurred.

Trucking, 195 F. Supp. 2d 690, 694 (E.D. Pa. 2002).  First, Pennsylvania has an interest in promoting recovery by providing a full measure of damages at least for its citizens.  Id.  As Avco notes, this interest is of little importance in this case in which all of the decedents and plaintiffs are or were British citizens and residents of the United Kingdom.

Second, the Commonwealth has a "corollary interest in deterring tortious conduct within its borders."  Id.  "In private tort law, ... the deterrence function is accomplished by compensation of the plaintiff."  Reyno v. Piper Aircraft Co., 630 F.2d 149, 167 (3d Cir. 1980), overruled on other grounds, 454 U.S. 235 (1981).  As our Court of Appeals explained in Broome v. Antlers' Hunting Club, even when damages are not labeled as punitive, "the financial protection a state has prescribed, being a part of its provision for the general security, is in part a sanction for wrongfully causing harm."  595 F.2d 921, 925 (3d Cir. 1979) (quoting D. Cavers, The Choice-of-Law Process 144 (1966)).  Pennsylvania has a strong interest in promoting the quality and safety of what is manufactured here.  One way of doing so is through laws that adversely affect one's pocketbook if quality and safety are lacking.

On the other hand, the parties agree that England's interest in seeing its damages law applied is to ensure that its deceased citizens and their survivors are fully compensated.  Avco

-6-

further urges that England has a specific interest in "ensuring that its citizens are compensated <u>pursuant to its laws</u>" and in protecting defendants that do business within its borders from excessive liability.  While all of this is true, it does not follow that its governmental interests are harmed when its citizens are more generously compensated under the applicable law of another jurisdiction where no British citizen or company doing business in England is a defendant.

The interest of England in protecting defendants that do business within its borders through its damages law is nonexistent where, as here, a Pennsylvania corporation manufactured an engine in Pennsylvania for an aircraft built in New York by an American company.  The Schweizer 269C helicopter that is the subject of this litigation may have been flying in England at the time of the accident, but we have been directed to nothing in the record to show that Avco had been doing any meaningful business in that country. It is a weak reed indeed to rely on the argument that the application of English damages law to this matter would serve England's interest in fostering commerce within its borders.

The governmental interests in this case present a situation analogous to that addressed by our Court of Appeals in <u>Lacey v. Cessna Aircraft Co.</u>, 932 F.2d 170 (3d Cir. 1991).  In <u>Lacey</u>, an Australian citizen was injured in a plane crash that

occurred in British Columbia.  One defendant was a Pennsylvania corporation which manufactured the exhaust system of the aircraft engine thought to be the cause of the crash.  The plaintiff brought suit in the Western District of Pennsylvania seeking to apply this state's strict products liability standard rather than British Columbia's negligence standard.

The district court granted a motion to dismiss for forum non conveniens.  In remanding to the district court for further consideration, the Court of Appeals identified Pennsylvania's interest as seeking to deter the manufacture of defective products and to shift the costs of injury to producers in the adoption of strict liability.  Id. at 188.  British Columbia's interest in rejecting strict liability in favor of a negligence standard was to encourage business within the province.  Id.  Our Court of Appeals reasoned that applying Pennsylvania law to a defendant located in the Commonwealth would honor that state's law without impairing British Columbia's goal of encouraging local business, while the application of British Columbia law would impair Pennsylvania's interest in regulating manufacturing.  Id.  The court ultimately withheld a final choice of law determination in the face of an incomplete record, but it stated that there were "real doubts" that the law of British Columbia would apply.  Id.

Although we are dealing here with the law of damages rather than the substantive law of liability, we believe that the same principles that guided the court in <u>Lacey</u> are equally applicable to the governmental interests relevant to this action and identified above.  Pennsylvania's interest in affecting the conduct of its manufacturers would be impaired by the application of England's more restrictive damages law.  In contrast, England's interest in ensuring recovery for its residents harmed by the acts of others and its interest in protecting its businesses would not be impaired by the application of Pennsylvania's more liberal damages law to this lawsuit.  We agree with plaintiffs that a false conflict exists under these circumstances.

Consequently, the motion of Avco to apply the English law of damages will be denied, and the motion of plaintiffs to apply the Pennsylvania law of damages will be granted.